UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

........................................................X

UNITED TORAH  EDUCATION )
& SCHOLARSHIP FUND, INC., )
a Florida non for profit corporation, )          **13 CIV 3619 (RJS)**
)
)
Plaintiff, )          **VERIFIED COMPLAINT**
-against- )

SOLOMON CAPITAL LLC, a New York )
Limited Liability Company, SOLOMON )
CAPITAL 401(k) TRUST, a New York )
qualified retirement trust, SOLOMON )
CAPITAL LIVING TRUST, a New York )
qualified retirement trust, SOLOMON )
CAPITAL ADVISORS INC., a New York )
Corporation, SOLOMON PARTNERS LLC, )
a New York Limited Liability Company, )
ADVANTAGE PREMIUM FUNDING )
LLC, a New York Limited Liability Company )
SOLOMON SHARBAT, an individual )
now domiciled and residing in Israel, and )
JOHN DOES 1-100, fictitious persons, and )
XYZ CORPS. 1-100, fictitious entities, )
)
Defendants. )

........................................................X

Plaintiff, UNITED TORAH EDUCATION & SCHOLARSHIP FUND, INC., by

and through the undersigned attorneys, complaining of the above-named

defendants, alleges as follows:

## I.   NATURE OF ACTION

1.   This is an action for (i) compensatory and punitive damages in excess of

$1,000,000.00 resulting from a breach of contract, breach of trust and fiduciary duty,

fraud and conversion of trust funds, and for (ii) the imposition of a constructive trust and

an accounting. The stock purchase transaction and agreements between plaintiff and

defendants and the related trading activities and conversion by defendants of the sales

proceeds of about $675,000.00 held in trust for plaintiff and, which are the subject of this suit, all occurred in New York during the months of March to June 2008.

## II.   JURISDICTION AND VENUE

2.    This Court has subject matter or diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the matter in controversy is between a Florida corporation, as plaintiff, and five New York corporate, limited liability company and trust entities, as defendants, as well as an additional individual defendant who is a citizen or subject of a foreign state.

3.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claims in this lawsuit took place in this judicial district.

## III.   PARTIES

4.    Plaintiff, UNITED TORAH EDUCATION & SCHOLARSHIP FUND, INC. ("UNITED TORAH" or "Plaintiff"), is and was at all times herein mentioned a foreign not for profit corporation incorporated under the laws of the State of Florida, with its principal place of business located at 7505 London Lane, Boca Raton, Florida 33433. Plaintiff does not solicit or conduct any business in the State of New York, and engages in the distribution of endowed charitable funds to (i) organizations that provide for, or enhance, Torah education among young Jewish adults, including the provision of scholarship funds for young Jewish adults to attend yeshivas and other Torah centers, (ii) individual Torah scholars that are in need of support, (iii) the reprinting and

dissemination of classic Jewish texts for scholastic and Torah education purposes and (iv) general charity to the poor.

5.     Defendant, SOLOMON CAPITAL LLC ("SOLOMON CAPITAL"), was at all relevant times to this lawsuit and still is a New York limited liability company, and defendant SOLOMON SHARBAT is its sole member. Prior to in or about January 2010, at which time defendant SOLOMON SHARBAT relocated from New York to Israel, SOLOMON CAPITAL had its principal place of business at 654 Madison Avenue, Suite 1507, New York, New York 10022. Upon information and belief, since at least that time, SOLOMON CAPITAL has been a defunct limited liability company that has not done any real business or earned any real income.

6.     Defendant, SOLOMON CAPITAL 401(k) TRUST, purports to be a qualified retirement trust organized under the laws of the State of New York, and defendant SOLOMON SHARBAT serves as its trustee. Prior to in or about January 2010, at which time Defendant SOLOMON SHARBAT, relocated from New York to Israel, SOLOMON CAPITAL 401(k) TRUST had its principal place of business at 654 Madison Avenue, Suite 1507, New York, New York 10022. Upon information and belief, since at least that time, SOLOMON CAPITAL 401(k) TRUST has been a fully or substantially depleted retirement trust.

7.     Upon information and belief, defendant, SOLOMON CAPITAL LIVING TRUST, purports to be a qualified retirement trust organized under the laws of the State of New York, and defendant SOLOMON SHARBAT serves as its trustee.

8.     Defendant, SOLOMON CAPITAL ADVISORS INC. ("SOLOMON CAPITAL ADVISORS"), was at all relevant times to this lawsuit and still is a New York

corporation, and defendant SOLOMON SHARBAT is its sole shareholder, officer and director. At all relevant times prior to defendant SOLOMON SHARBAT's relocation to Israel in or about January 2010, SOLOMON CAPITAL ADVISORS had its principal place of business at 654 Madison Avenue, Suite 1507, New York, New York 10022. Upon information and belief, at all relevant times to this lawsuit, SOLOMON CAPITAL ADVISORS has been a defunct corporation that has not done any real business and has not earned any real income.

9.      Defendant, SOLOMON PARTNERS LLC ("SOLOMON PARTNERS"), was at all relevant times to this lawsuit and still is a New York limited liability company, and defendant SOLOMON SHARBAT is its sole member.  At all relevant times prior to Defendant SOLOMON SHARBAT's relocation to Israel in or about January 2010, SOLOMON PARTNERS had its principal place of business at 654 Madison Avenue, Suite 1507, New York, New York 10022. Upon information and belief, at all relevant times to this lawsuit, SOLOMON PARTNERS has been a defunct limited liability company that has not engaged in any real business and has not earned any real income.

10.     Defendant, ADVANTAGE PREMIUM FUNDING LLC ("ADVANTAGE PREMIUM FUNDING"), was at all relevant times and still is a New York limited liability company, and defendant SOLOMON SHARBAT is its sole member. At all relevant times prior to his relocation from New York to Israel in or about January 2010, ADVANTAGE PREMIUM FUNDING had its principal place of business at 654 Madison Avenue, Suite 1507, New York, New York 10022. Upon information and belief, since at least that time, ADVANTAGE PREMIUM FUNDING has been a defunct

limited liability company that has not engaged in any real business and has not earned any real income.

11.     Defendant SOLOMON SHARBAT ("SHARBAT"), is an individual who formerly resided in Forest Hills, New York and conducted his business at 654 Madison Avenue, Suite 1507, New York, New York 10022 prior to in or about January 2010 when he relocated with his parents to Gush Halav 10, Apt.3, 2d Floor, Tel Aviv, Israel 64581 and, upon information and belief, became a citizen of the State of Israel. Upon information and belief, SHARBAT has not returned or visited the United States since his relocation and is now domiciled in Israel. SHARBAT has previously worked in the finance and investment industries in New York for over 15 years in the capacity of insurance salesman, licensed stock salesmen for several brokerage firms, finder and investor in new or fledgling enterprises.

12.     At all relevant times to this suit, defendant SHARBAT has exercised, and continues to exercise, complete domination of each of each of the other defendants SOLOMON CAPITAL LLC, SOLOMON CAPITAL 401(k) TRUST, SOLOMON CAPITAL ADVISORS INC., SOLOMON PARTNERS LLC, and ADVANTAGE PREMIUM FUNDING LLC, causing each of them to act as his alter ego and that of each other, by transacting *primarily* the business of his dominating interest rather than their own, comingling business and personal expenses, acting as instrumentalities of fraud against third parties, and functioning in complete disregard of any corporate, limited liability company or qualified retirement trust formalities required by law.

13.     By way of example, but not limitation, the securities and/or bank accounts held in the name of each of the defendants have been, and continue to be, used by

SHARBAT primarily or substantially for the satisfaction of his own personal extravagant living expenditures and his own investment and tax strategies, and used as instrumentalities to defraud plaintiff UNITED TORAH and other unsuspecting investors and companies seeking investment banking services in New York that he is not licensed to provide by way of highly irregular, large money transfers between the defendants as dictated by SHARBAT's fraudulent activities and personal needs, without any consideration or economic justification. Indeed, such monies were transferred and shifted by and between such defendants in irregular patterns for the principal purposes of: (i) conducting SHARBAT's personal business in the corporate, limited liability company or qualified trust form, as the case may be, (ii) hiding SHARBAT's personal assets from UNITED TORAH and other creditors by dispersing and parking them in multiple securities and bank accounts under corporate, limited liability company or qualified trust veils, and (ii) paying for hundreds of thousands of dollars of SHARBAT's personal living expenses on a regular and consistent basis.

14.     JOHN DOES 1-100 and XYZ CORPORATIONS/XYZ LLCs 1-100 are presently unknown to plaintiff UNITED TORAH by their true names and capacities, whether individual, corporate, limited liability company, or trust entities, and these defendants are therefore sued by such fictitious names as additional alter egos of the individual defendant SHARBAT and of each other; plaintiff intends to amend this Complaint to show the true names and capacities of these defendants when the same have been ascertained.

## IV. CLAIMS FOR RELIEF

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
#### (Breach of Contract)

15.    Plaintiff repeats, realleges, and incorporates the allegations of paragraphs 1 through 14 of this Verified Complaint as if set forth at length herein.

16.    On March 19, 2008, defendant SOLOMON CAPITAL, through its sole and dominating shareholder defendant SHARBAT, entered into an agreement with UNITED TORAH, whereby SOLOMON CAPITAL agreed to sell and deliver 250,000 shares of stock of Perf-Go Green Inc. ("PGOG") to plaintiff UNITED TORAH, in consideration of, and in return for, the immediate payment by plaintiff UNITED TORAH of the sum of $ 75,000.00 via wire transfer to SOLOMON CAPITAL.  At the time of the aforesaid agreement, SOLOMON CAPITAL had already obtained the rights to purchase 750,000 free-trading and unencumbered PGOG shares at a special low price of $.10 per share, or $75,000.00, as part of an investment banking fee in connection with a reverse merger involving PGOG stock.

17.    A written letter agreement executed by both parties that day, dictated by SHARBAT, stated that SOLOMON CAPITAL would make a "donation" of 250,000 PGOG shares of stock to UNITED TORAH. Further, these shares were to be registered by SOLOMON CAPITAL in UNITED TORAH's name and soon as they were made available, and *certificates evidencing plaintiff's ownership of such shares were to be sent to* UNITED TORAH. *See* **Exhibit A** annexed hereto and incorporated herein by reference. However, immediately upon full execution of this letter agreement, on that very same day of March 19, 2008, UNITED TORAH transferred by bank wire the $75,000.00 consideration it promised as a *quid pro quo* for the donation of 250,000

PGOG shares to be held by SOLOMON CAPITAL. On information and belief, the manner in which the sales transaction was done, at SHARBAT's direction, in this manner so that SHARBAT could conceal from his employer and the over the counter market regulator, FINRA, that he had tried to be benevolent and freely donated 250,000 PGOG shares of unrestricted penny stock instead of a quid pro quo contractual sale established by the letter agreement and the wire transfer.

18.     In order to effectuate delivery of the PGOG stock to be purchased by UNITED TORAH, defendant SOLOMON CAPITAL further promised and agreed to arrange for a direct issuance of 250,000 shares by Perf-Go Green Inc. to UNITED TORAH, or, in the alternative, if such arrangement would not be agreed to by Perf-Go Green Inc., then SOLOMON CAPITAL promised to transfer 250,000 PGOG shares to plaintiff by way of endorsement and delivery of the stock certificates upon their receipt.

19.     Plaintiff performed its obligation under such agreement and immediately tendered the consideration of $75,000.00 by wire transfer to defendant SOLOMON CAPITAL on that very same day. *See* Exhibit A annexed hereto and made part hereof. Upon receipt of such wire transfer, defendant SOLOMON CAPITAL wired $75,000.00 to Perf-Go Green Inc. to pay for its own purchase of the total bundle of 750,000 shares of PGOG shares made available to it at the price of only $.10/share as aforesaid.

19.     Defendant SOLOMON CAPITAL failed to perform any of its obligations under the March 19, 2008 agreement. First, upon information and belief, SHARBAT never advised Perf-Go Green Inc. of his partial sale of 250,000 shares to UNITED TORAH to fund his below-market purchase, thereby causing it to issue all of the 750,000

PGOG shares directly to SOLOMON CAPITAL in late May 2008 only several days before its planned reverse merger. Second, claiming that the transfer of 250,000 PGOG shares to plaintiff by way of physical endorsement and delivery of certificates would take too long and could result in a lost opportunity once the reverse merger was announced and trading in PGOG shares began, SHARBAT requested that plaintiff open its own internet trading account at TD Ameritrade instead, and promised to transfer by journal entry (i.e. an internal transfer) 250,000 PGOG shares of stock to UNITED TORAH's trading account.

20.     Thereafter, UNITED TORAH complied with SHARBAT's request and completed the required application for its own securities trading account, but TD Ameritrade refused to allow any transfer by SOLOMON CAPITAL thereto, based on its established policy, unknown to plaintiff, of not allowing such internal transfers of newly issued and unrestricted shares. Upon information and belief, this policy had been well known at the time to SHARBAT, an experienced stock trader, notwithstanding his professed surprise at the TD Ameritrade denial.

21.     By written letter agreement dated June 5, 2008, plaintiff and defendant SOLOMON CAPITAL modified their original agreement of March 19, 2008, whereby UNITED TORAH granted SOLOMON CAPITAL the conditional power and authority as its agent, "to sell [UNITED TORAH's] 250,000 shares in the SOLOMON CAPITAL trading account during the next several days as long as the price exceeds $2.50, and to remit the proceeds to us [UNITED TORAH] within 5 days thereafter." *See* **Exhibit B** annexed hereto and incorporated herein by reference.

22.    As a further and additional assurance that plaintiff UNITED TORAH would maintain full control over the trading done on its behalf through the SOLOMON CAPITAL account, defendant SOLOMON CAPITAL allowed UNITED TORAH's president to execute all trades of its 250,000 PGOG shares, in the internet trading account of defendant SOLOMON CAPITAL held at TD Ameritrade during a three day trading period from June 11 to 13, 2008. In addition, no other trades were made during that trading period on behalf of SOLOMON CAPITAL itself in the 500,000 PGOG shares it owned.

23.    As a result, during such three day period, UNITED TORAH generated specifically identifiable sales proceeds from all its stock sales transactions recorded in the TD Ameritrade statements sent to SOLOMON CAPITAL. According to defendant SHARBAT, but not verified by UNITED TORAH, the TD Ameritrade statements reflected net sales proceeds of  about $675,000.00 earned in the SOLOMON CAPITAL agency trading account which properly belonged to plaintiff.

24.    In accordance with the terms of the June 5, 2008 modification agreement, UNITED TORAH thereafter demanded that defendant SOLOMON CAPITAL turn over to it at least the $675,000.00 in sales proceeds which belonged to plaintiff. In breach of their agreement, SOLOMON CAPITAL has refused, and continues to refuse, to turn over such funds. The failure to turn over the funds to plaintiff as agreed to and its subsequent retention by the defendants constituted a clear and material breach of the March 19, 2008 letter agreement as modified by the June 5, 2008 letter agreement.

25.    Instead, in further breach of contract, defendant SOLOMON CAPITAL and its alter egos, the other named defendants, each received substantial portions of such proceeds of at least $675,000.00 from the SOLOMON CAPITAL securities trading account at TD Ameritrade, through highly irregular and large inter-account bank transfers, at the direction of the controlling and dominating shareholder, member or trustee of each, SHARBAT, and then disposed of and used all such proceeds for the personal benefit of defendant SHARBAT, without the knowledge or consent of plaintiff. *See* **Exhibit D** annexed hereto.

26.    By reason of the foregoing breach, and as a proximate and direct result thereof, plaintiff has been injured, and sustained damages in a precise sum, exclusive of interest, to be determined upon defendant SOLOMON CAPITAL's accounting for the sales proceeds of 250,000 PGOG shares owned by UNITED TORAH in its TD Ameritrade account, but no less than $675,000.00, plus interest thereon from five days after the close of the three day trading period of June 11 to 13, 2008, no part of which has been paid as of the date hereof, and defendant SOLOMON CAPITAL all of the other defendants are liable therefor, jointly and severally, as its alter egos and that of each other.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Breach of Trust and Fiduciary Duty)

27.    Plaintiff realleges the allegations of paragraphs 1 to 14 and 16 to 26 inclusive of this Complaint, as if set forth at length hereat.

28.  Defendant SOLOMON CAPITAL and each of the other defendants, who acted as its alter egos and that of each other, took and held such identified funds of at least $675,000.00 obtained from the sale of 250,000 PGOG shares belonging

to plaintiff UNITED TORAH, as its agent in a fiduciary capacity for plaintiff subject to turnover by a fixed date pursuant to the June 5, 2008 letter modification and trust agreement. Defendant SOLOMON CAPITAL and each of the other defendants, its alter egos, breached such trust and fiduciary duty in retaining the aforementioned trading proceeds for their own benefit without permission and not paying them over to plaintiff. See **Exhibit D** annexed hereto and incorporated herein by reference.

29.    Each of such other defendants, actively conspired to, and did aid in effectuating the aforementioned conversion of plaintiff's identified funds by way of their bank and brokerage accounts which were used to conceal and convert the cash proceeds from the sale of plaintiff's 250,000 PGOG shares by defendant SOLOMON CAPITAL, and all of the defendants are liable therefor, jointly and severally as its alter egos.

30.    Further, defendant SOLOMON CAPITAL, and each of the other defendants acting as its alter egos, also owed and still owe a fiduciary duty to plaintiff, for an amount yet unknown pending an accounting, of any profits and/or assets derived from the wrongful retention and/or disposition and/or investment of the aforementioned sum specified and any additional profits and assets derived therewith, to be exactly determined upon defendants' accounting therefor. By retaining and using such sum for its own benefit without plaintiff's permission, defendants impliedly promised to hold it and any assets and profits derived therefrom in trust for plaintiff; alternatively, such obligation was imposed upon it by law.

31.    By reason of the foregoing, plaintiff has suffered damages, and SOLOMON CAPITAL and the other named defendants, as its alter egos, are

therefore jointly and severally liable for the damages sustained by plaintiff of an amount to be determined upon defendants' accounting for the sales proceeds, but no less than $ 675,000.00, plus interest thereon from five days after June 13, 2008, and any assets, earnings or trading profits derived from the unlawful retention and use of such monies, to be determined at a trial of this action, which rightfully belongs to plaintiff UNITED TORAH.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Conversion)

32.    Plaintiff realleges the allegations of paragraphs 1 to 14, 16 to 26 and 28 to 31 inclusive of this Complaint, as if set forth at length hereat.

33.    Plaintiff UNITED TORAH is and was at all times herein mentioned, the rightful owner of both (i) the 250,000 PGOG shares, having a superior ownership right to such personal property, and (ii) the sales proceeds derived therefrom of at least $675,000.00 in identified funds, as readily ascertainable from the TD Ameritrade trading account statements of defendant SOLOMON CAPITAL.

34.    Pursuant to the June 5, 2008 agreement, these identified funds were to be held by SOLOMON CAPITAL in trust for, and as agent of, plaintiff UNITED TORAH, and to be paid over to plaintiff no more than five days later or Wednesday, June 18, 2008.

35.    Plaintiff now is, and at all times herein mentioned, was entitled to the immediate possession and use of all of the above identified funds not turned over to plaintiff as of June 18, 2008, which ere, and continue to be, held

in trust and in an agency capacity by defendant SOLOMON CAPITAL, in fact or as implied in law.

36.   Defendants, at the direction of its controlling and dominating shareholder SHARBAT, has failed and refused to pay over to plaintiff UNITED TORAH any part of such $675,000.00 cash proceeds of the aforementioned sales, despite repeated demands by plaintiff therefor, and have disposed of and used all of such funds for the personal benefit of defendant SHARBAT, without the knowledge or consent of plaintiff, to the exclusion of and in defiance of plaintiff's superior ownership right to such property.

37.   In effectuating such wrongful acts of conversion, the bank and/or brokerage accounts of each of the defendants SOLOMON CAPITAL 401(k) TRUST, SOLOMON CAPITAL ADVISORS, SOLOMON PARTNERS, ADVANTAGE PREMIUM FUNDING and SHARBAT were used by defendant SOLOMON CAPITAL as alter egos of defendant SHARBAT and of each other, in order to conceal and convert the cash proceeds from the sale of plaintiff's 250,000 PGOG shares of stock by defendant SOLOMON CAPITAL and any profits, income or assets derived from the unlawful use thereof. Each of the above-named defendants participated in and aided and abetted in effectuating the aforementioned conversion of plaintiff's identified funds.

38.   By reason of the foregoing, all named defendants are therefore jointly and severally liable for the damages sustained by plaintiff UNITED TORAH as a result of such conversion, which is equal to the amount specified in paragraph 31 above.

## AS AND FOR A FOURTH  CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Constructive Trust)

39.     Plaintiff repeats and realleges the allegations of paragraphs 1 to 14, 16 to 26 and 33 to 38 inclusive of this Complaint, as if set forth at length hereat.

40.     On the basis of the foregoing and by operation of law, plaintiff is entitled to have defendants declared to hold such identified funds and any earnings, trading profits or assets derived therefrom as constructive trustees for plaintiff's benefit, and to have defendants compelled as such to transfer and convey such funds forthwith to plaintiff.

41.     By reason of the foregoing, plaintiff is entitled to have defendants declared to be constructive trustees for the benefit of plaintiff of the sums stated in paragraph 31 above and directed to turn over such sums forthwith to plaintiff.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Fraudulent Inducement and Fraud)

42.     Plaintiff repeats and realleges the allegations of paragraphs 1 to 14, 16 to 26 and 28 to 31 inclusive of this Complaint, as if set forth at length hereat.

43.     The consent and agreement of plaintiff UNITED TORAH to the aforesaid transactions relating to the purchase of 250,000 PGOG stock shares was induced by means of false representations, with the intent of fraudulently inducing plaintiff to enter into such agreement on March 9, 2008, as modified on June 5, 2008, on the above stated terms, and plaintiff did in fact enter into such agreement in reliance upon such false and fraudulent representations and was damaged thereby.

44.     As part of a scheme or plan to defraud an unsuspecting plaintiff, and for the purpose of inducing plaintiff to consent and agree to the original stock purchase

transaction of March 19, 2008, the defendants falsely and fraudulently represented to UNITED TORAH that (i) defendant SOLOMON CAPITAL intended to contact the appropriate parties at Perf-Go Green Inc. and/or its transfer agent and make sure that 250,000 shares thereof were to be issued in the name of UNITED TORAH, and that (ii) UNITED TORAH's wire transfer of $75,000.00 could only be made to SOLOMON CAPITAL, and not directly to Perf Go Green Inc.'s transfer agent. In truth, as defendants well new, SOLOMON CAPITAL had no intention of giving any PGOG shares to plaintiff and never requested that Perf-Go Green Inc. issue 250,000 unrestricted PGOG shares directly to UNITED TORAH. Upon information and belief, defendants concealed from Perf Go Green Inc. the fact that plaintiff had paid for all of the 750,000 stock shares allocated as an investment banking fee to SOLOMON SHARBAT and that plaintiff was contractually entitled to have issued 250,000 shares issued directly in its own name.

45.     Further, for the purpose of inducing plaintiff to consent and agree to the June 5, 2008 modification agreement as aforesaid, the defendants falsely and fraudulently represented to plaintiff (i) that SHARBAT was unaware that TD Ameritrade would not allow any transfer of PGOG shares via journal entry from SOLOMON CAPITAL to UNITED TORAH under the circumstances; and (ii) that defendant SOLOMON CAPITAL would help UNITED TORAH overcome such difficulty if it gave defendant SOLOMON CAPITAL the conditional power and authority, as its agent, to sell UNITED TORAH's 250,000 shares in the SOLOMON CAPITAL trading account during the next several days and that it would remit the proceeds to plaintiff UNITED TORAH within 5 days thereafter. In truth, as defendants new, (i) Perf-Go Green Inc. never intended to transfer actual certificates, but all 750,000 PGOG shares were wired directly into a

brokerage account of SOLOMON CAPITAL at TD Ameritrade, by means of a DDT system of direct, non-physical stock transfers well known to stock salesman, trader and investor SHARBAT, but not to plaintiff, and (ii) TD Ameritrade had a well-established policy not to allow transfers by journal entry in new company stock and defendants had no intention of giving any PGOG shares to plaintiff or remitting any sales proceeds thereof to plaintiff UNITED TORAH within 5 days after the close of trading, but rather to defraud plaintiff and hold and dispose of such proceeds as their own.

46.    All of the aforesaid representations made to plaintiff were false when made, and were made for the sole purpose of misleading plaintiff and fraudulently inducing it to reasonably rely upon them in entering into the March 9, 2008 stock purchase agreement, as modified by the June 5, 2008 letter agreement on its stated terms, thereby enabling the defendants to defraud plaintiff. Since June 18, 2008, defendants have not only failed to turn over the sales proceeds of at least $675,000.00 to plaintiff but have misappropriated and disposed of such monies for SHARBAT's own use and benefit.

47.    At the time that these false representations were made, defendant SOLOMON CAPITAL, through its agent and alter ego defendant SHARBAT, knew them to be false and fraudulent and that it had no intention of abiding by any of its obligations under the terms of the June 5, 2008 modification letter agreement or turning over to plaintiff the sales proceeds of the 250,000 PGOG shares rightfully belonging to UNITED TORAH and held in trust by defendants in an agency and fiduciary capacity.

48.    At the time such false representations were made, plaintiff did not know of their falsity, but believed them to be true and reasonably relied upon them, being induced

thereby to enter into the March 19, 2008 agreement, as modified by the June 5, 2008 letter agreement.

49.   Further, or the sole purpose of inducing plaintiff to believe it would receive in short course all of the monies that rightfully belonged to it and to refrain from taking any legal action against them to compel the turnover of same, defendants have made through the date hereof false and fraudulent promises of payment, as well as assignments of deals and income in lieu thereof, to plaintiff that in the end have never materialized. Defendants SHARBAT and SOLOMON CAPITAL even signed an assignment of a claim in Sept. 2011 in which they acknowledge and admit that that they breached the June 2008 modification agreement and did not turnover any monies rightfully belonging to Plaintiff. *See* **Exhibit C** annexed hereto and incorporated herein by reference. SHARBAT also admitted the truthfulness and correctness in letters to FINRA immediately after the consummation of trading. *See* **Exhibit E** annexed hereto and incorporated herein by reference. In the meantime, while delaying suit and absconding to Israel, closing down his companies and moving almost all of his assets thereto frustrate collection, defendant SOLOMON CAPITAL and its alter egos, the other named defendants, each received substantial portions of at least $675,000.00 from the SOLOMON CAPITAL securities trading account at TD Ameritrade, through highly irregular and large inter-account bank transfers, at the direction of the controlling and dominating shareholder, member or trustee of each, SHARBAT, and then disposed of and used all such proceeds for the personal benefit of defendant SHARBAT, without the knowledge or consent of plaintiff. *See* **Exhibit D** annexed hereto and incorporated herein by reference.

50. The actions of defendants as aforesaid are particularly egregious and evidence a high degree of moral culpability. Defendants' conduct is so flagrant and malicious as to constitute a reckless and wanton indifference to the rights of the plaintiff, which were flagrantly violated, as were the statutes of the State of New York and important public policy interests that militate towards the protection of non-for-profit charitable organizations that provide beneficial and free services to the public at large. Plaintiff is therefore entitled to punitive damages of no less than $300,000.00.

51.    By reason of the foregoing, and as a proximate and direct result of defendants' fraudulent conduct as aforesaid, plaintiff has suffered damages equal to the which is equal to the amount specified in paragraph 31 above, plus punitive damages of no less than $300,000.00, no part of which has been paid, and all of the named defendants are liable therefor, jointly and severally.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Accounting)

52.    Plaintiff repeats and realleges the allegations of paragraphs 1 to 14, 16 to 26, 28 to 31, 33 to 38 and 40 to 41 inclusive of this Complaint, as if set forth at length hereat.

53.    Plaintiff has no knowledge of the exact amount of money belonging to it and held by the defendants, as specified in paragraph 23 above, and defendants have never accounted to plaintiff for the exact amount of such cash proceeds nor for the realized profits, earnings or assets derived from the conversion and illegal use of the monies held in trust by defendants for plaintiff.

54.    Plaintiff has no knowledge of the stocks, bonds, securities and other assets now held by defendants, to the extent such funds which were to be held in trust for plaintiff have been dissipated, in whole or in part, and plaintiff cannot obtain such knowledge or ascertain such amounts without an accounting by defendants.

55.    Plaintiff is entitled to an accounting from defendants to determine all of the above and to an order directing that defendants pay over to it those amounts and items belonging to it.

56.    Plaintiff has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

57.    Pursuant to Rules 38 (b) and (c) of the Federal Rules of Civil Procedure, Plaintiffs demand a Jury Trial as to any and all claims, counterclaims and third party claims asserted in this action.

58.    Defendants have no known counterclaims against United Torah, and plaintiff has need for the attachment to secure payment from whatever assets are still left is left in New York State and have immediate liquidity or interests in companies that have potential significant value to satisfy a judgment in this action, as required by CPLR § 6223 for pre-judgment attachment purposes.

**WHEREFORE** the plaintiff respectfully demands that judgment be had in its favor and against the defendants, jointly and severally, on the Verified Complaint and all causes of action therein, as follows:

**A. Monetary Relief**-compensatory damages in an amount as yet undetermined, but not less than $ 775,000, or the sum of (i) the actual sales proceeds of 250,000 PGOG shares owned by plaintiff, but no less than $ 675,000.00, plus interest thereon

from five days after the close of the three day trading period ending June 13, 2008, since which time such monies have been held by the defendants as agents and trustee for plaintiff UNITED TORAH, and (ii) any earnings, profits or assets derived by the defendants from the wrongful conversion and use of the aforementioned trading proceeds; as well as punitive damages on the fifth cause of action (fraud), in an amount to be determined at trial, but not less than $ 300,000.00;

**B. Equitable Relief-** an accounting of (i) the actual proceeds of 250,000 PGOG shares sold by plaintiff in the TD Ameritrade securities trading account held in the name of SOLOMON CAPITAL during the June 11 to 13, 2008 trading period; (ii) the use and disposition by the defendants of such proceeds and (iii) any earnings, profits, cash, stocks, bonds, securities or other assets derived by the defendants from the wrongful conversion and use thereof, directly or indirectly, including, but not limited to, the imposition of constructive trusts with tracing; and any restrictions that may be appropriate on the future conduct or activities of any person or entity including, without limitation, pre-trial attachment and injunctive relief; and

**C. Other Relief-** such other damages, relief and pre and post judgment interest as the Court may deem just and proper to award the plaintiff complete relief.

Dated: New York, New York
      May 29, 2013

                            Yours etc.

                            Marisa Falero, Esq.
                            Of Counsel
                            The Schwarz Law Firm
                            954 Lexington Ave., Suite 261
                            New York, New York 10021
                            Ph.  347-852-3514 (718) 680-5789
                            E-mail: sschwarz@justice.com

Defendants' Addresses:

SOLOMON CAPITAL LLC
c/o Solomon Sharbat
Gush Halav 10, Apt.3- 2d Floor
Tel Aviv, Israel 64581

SOLOMON CAPITAL 401(k) TRUST
c/o Solomon Sharbat
Gush Halav 10, Apt.3- 2d Floor
Tel Aviv, Israel 64581

SOLOMON CAPITAL 401(k) TRUST
c/o Solomon Sharbat
Gush Halav 10, Apt.3- 2d Floor
Tel Aviv, Israel 64581

SOLOMON  CAPITAL ADVISORS INC.
c/o Solomon Sharbat
Gush Halav 10, Apt.3- 2d Floor
Tel Aviv, Israel 64581

SOLOMON PARTNERS LLC
c/o Solomon Sharbat
Gush Halav 10, Apt.3- 2d Floor
Tel Aviv, Israel 64581


ADVANTAGE PREMIUM FUNDING  LLC
c/o Solomon Sharbat
Gush Halav 10, Apt.3- 2d Floor
Tel Aviv, Israel 64581

SOLOMON SHARBAT
Gush Halav 10, Apt.3- 2d Floor
Tel Aviv, Israel 64581

## VERIFICATION

State of New York   )
                    )ss:
County of New York)

SIMON SCHWARZ, being duly sworn, deposes and says: that he is president and one of three Trustees of the plaintiff in this action, UNITED TORAH EDUCATION & SCHOLARSHIP FUND INC., and is personally familiar with the facts alleged in the Complaint herein, that he has read the foregoing Complaint and knows the contents thereof and that the same is true of his own knowledge, except as to those matters which are alleged on information and belief, and as to those matters, he believes them to be true.

Affirmed before me this
29th day of May 2013

_____
NOTARY PUBLIC

MARISA FALERO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02FA6177841
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES 11/19/20__

## EXHIBITS TO VERIRIED COMLAINT

**Exhibit A**-letter agreement dated March 19, 2008 whereby SOLOMON CAPITAL agreed to make a "donation" of 250,000 PGOG shares of stock to UNITED TORAH and a wire transfer from UNITED TORAH to SOLOMON CAPITAL, also dated March 19, 2008, of $75,000.00.

**Exhibit B**-letter modification/agency agreement dated June 5, 2008 whereby UNITED TORAH granted SOLOMON CAPITAL the conditional power and authority as its agent, to sell its 250,000 shares in the SOLOMON CAPITAL trading account during the next several days as long as the price exceeds $2.50, and to remit the proceeds to us [UNITED TORAH] within 5 days thereafter.

**Exhibit C**-Assignment Agreement dated May 8, 2011 whereby SOLOMON CAPITAL assigned a particular claim to UNITED TORAH in consideration for its admitted breach of June 5, 2008 agreement and its failure to turn over the sales proceeds to plaintiff.

**Exhibit D**-Irregular and large inter-account bank transfers from SOLOMON CAPITAL to other entity defendants and defendant SHARBAT, where such funds were disposed of and used for the personal benefit of SHARBAT

**Exhibit E**- letters to employer and FINRA in June and September 2008  admitting debt and required turnover of sales proceeds to UNITED TORAH.

# EXHIBIT A

# UNITED TORAH EDUCATION & SCHOLARSHIP FUND, INC.
## 7505 London Lane
## Boca Raton, Florida 33433

March 19, 2003

Mr. Solomon Sharbat
Solomon Capital LLC
New York, New York

Dear Solomon:

This shall confirm that you have donated 250,000 unrestricted shares of Perfco Green stock to United Torah Education & Scholarship Fund, Inc., which will be given to us and registered in our name as soon as they are made available to you. In addition, please sent us certificates showing our ownership of those shares as soon as you can do so. We expect to sell these shares immediately upon receipt or thereafter, if the anticipated public offering and subsequent trading leads to a value of more than $2.50. Thank you very much for your kind contribution which, if our revenue goals are met, will go along way towards the expansion of our goals to (a) distribute charitable funds to organizations that enhance Torah education among young Jewish adults, (b) the resetting, reprinting and dissemination of new editions of classic Jewish halachic and aggadic texts and (c) provide scholarships to the needy of higher torah education. May g-d bless you for your contribution to this noble cause and grant you many successful and productive business endeavors in the future.

Kindly sign below to confirm the terms of your contribution.

Very truly yours,

Simon Schwarz
President

AGREED TO:

Solomon Capital LLC

By: Solomon Sharbat

## MEMORANDUM

From: Simon Schwarz
To:   Rafael Borrero, HSBC Bank Bal Harbour Branch
Date:  March 19, 2008

**Re: United Torah Education and Scholarship Fund Inc.**

**Please transfer $75,000.00 from our savings to checking account # 362-011-834 and then wire that sum to the following account:**

NAME OF ACCT.:  SOLOMON CAPITAL LLC

BANK NAME: BANK COMMERCE BANK

BANK ADDRESS: 1091 3 RD AVE
                            NEW YORK NEW YORK

ACCT # 7915975796

ABA # 026013673

Thank you.

Simon Schwarz, Esq.


Commerce Bank  America's Most Convenient Bank®

SOLOMON CAPITAL LLC
67-34 KESSEL STVE 30TH FL
FOREST HILLS, NY 11375

To: SOLOMON CAPITAL LLC

This letter serves as notification of the following Incoming Wire Transfer
credited to account number *********5796 on 03/19/2008.
If you have any questions, please contact your nearest Commerce Branch
or call 1-888-751-9000.

Amount:                                 $75000.00
Beneficiary:                            SOLOMON CAPITAL LLC
Account Number:                         *********5796
Address:
Sender:
Bank Name:                              HSBC BANK USA N.A.
ABA Number:                             021001088
Reference Number:                       079436935
Originator Bank:
Address:
By Order Of:
Address:                                UNITED TORAH EDUCATION ANDSCHOLARSH
                                        7505 LONDON LN
                                        BOCA RATON FL 33433-4151
                                        BOCA RATON
Receiver Bank Name:                     COMMERCE BANK, NAT
ABA Number:                             026013673
FRB Incoming Confirmation Number:       20080319C1B76E1C00275603191614FT01
Reference for Beneficiary:              TT11736207900002
Originator to Beneficiary:
Bank to Bank Information:
                                         6500 BBK INFO: YOUR BANK 1091 3RD AVE NE*W
Miscellaneous Information:               YORK NEW YORK ABA 026013673*

THANK YOU FOR CHOOSING COMMERCE BANK.

# Exhibit B

## UNITED TORAH EDUCATION & SCHOLARSHIP FUND, INC.
### 7505 London Lane
### Boca Raton, Florida 33433

June 5, 2003

Mr. Solomon Sharbat
Solomon Capital LLC
New York, New York

Dear Solomon:

I am sorry for the trouble TD Ameritrade has put you through in refusing to allow you to transfer any shares to United Torah Education & Scholarship Fund, Inc. Do not despair for the fact that you did not register the donated 250,000 unrestricted shares of Perfco Green stock in our name in the first instance. Things happen. Anyway, as we told you at the outset, we desire to sell these shares immediately as the market price has reached well over $2.50. We are not experienced gamblers, especially in a volatile start up market, and we cannot wait until you transfer shares to another brokerage account, something that you advise will take some time. Therefore, we are authorizing and instructing you to sell our 250,000 shares in the Solomon Capital trading account during the next several days as long as the price exceeds $2.50, and to remit the proceeds to us within 5 days thereafter. We can not afford to lose any big money if the volatile market turns the other way next week.

Thank you again for your assistance in this noble matter.

Very truly yours,

Simon Schwarz
President

AGREED TO:

Solomon Capital LLC

By: Solomon Sharbat

**EXHIBIT C**

This ASSIGNMENT AGREEMENT made this 18th day of  May 2011 by and between SOLOMON CAPITAL LLC, ("ASSIGNOR") , and UNITED TORAH EDUCATION & SCHOLARSHIP FUND, INC. (hereinafter "ASSIGNEE"),  having its principal office at 7505 London Lane, Boca Raton, Florida 33433.

<u>RECITALS</u>

1.    ASSIGNOR and AGS Capital Group, LLC ("AGS"), a New York limited liability company with its principal office located at 2 Water Street, New York, New York, entered into a series of agreements in July and/or August 2008 relating to the disposition by AGS of millions of shares of SpongeTech Delivery Systems, Inc. ((hereinafter "SpongeTech"), a publicly traded company (NASDAQ OTC Bulletin Board; ticker symbol: SPNG) (hereinafter the "SpongeTech Agreements") it purchased from or through ASSIGNOR. In August 2008, Sponge Tech delivered all or most of such shares directly to AGS, which sold them promptly at a net profit of about $1,000,000.00, of which approximately $250,000.00 was supposed to, but was not, remitted to ASSIGNOR by AGS, under the terms of the said SpongeTech Agreements.

2.    ASSIGNOR and ASSIGNEE have  previously entered into a letter modification agreement dated June 5, 2008 in which ASSIGNOR agreed, to sell certain shares of stock belonging to ASSIGNEE and held by ASSIGNOR in its trading account and to remit the proceeds to ASSIGNEE, but to date, ASSIGNOR has not remitted any such proceeds to ASSIGNEE. In consideration of ASSIGNOR's obligation to remit to ASSIGNEE the funds due under the June 5, 2008 agreement as aforesaid, against which the net proceeds earned by ASSIGNEE hereunder (after deduction of actual litigation costs incurred by ASSIGNEE exclusive of any incurred or imputed legal fees) will be fully credited, and in further consideration of ASSIGNEE'S forbearance of any legal collection fees to be borne exclusively by ASSIGNEE in its pursuit and collection of the Sponge Tech related claims against AGS as aforesaid, ASSIGNOR desires to assign all of its claims arising from the SpongeTech Agreements it now has, ever had, or will have, known or unknown,  against AGS to ASSIGNEE.

NOW THEREFORE, in consideration of the mutual covenants herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, ASSIGNOR and ASSIGNEE agree as follows:

1.    The above recitals are hereby incorporated into and made an integral part of this ASSIGNMENT AGREEMENT as if fully set forth hereat.

2.    For value received, the ASSIGNOR, hereby assigns to ASSIGNEE, any and all claims or causes of action arising from the SpongeTech Agreements it now has, ever had, or will have, known or unknown, against AGS, including any proceeds derived from the settlement or litigation thereof by ASSIGNEE. ASSIGNOR and ASSIGNEE understand and agree that ASSIGNEE shall have the exclusive right hereinafter to negotiate, settle, sue for, litigate, collect, and receive in its own name the proceeds of any such claims against AGS or settlement, and to settle or discontinue any proceedings

pertaining to this Assignment Agreement provided, however, that any net proceeds received by ASSIGNEE as a direct result thereof, after deduction of actual litigation costs exclusive of any legal fees incurred by ASSIGNEE, will be fully credited against ASSIGNOR's obligation pursuant to the June 5, 2008 agreement between said parties as aforesaid, and, provided further, that any legal collection fees ASSIGNEE incurs or imputes by virtue of its president serving as its attorney in its pursuit and collection of the Sponge Tech related claims by litigation or settlement against AGS as aforesaid shall be borne solely by ASSIGNEE.

3.   ASSIGNOR hereby represents that it has not done and will not do anything to discharge the said claims, causes of action or debt or to hinder their collection. Further, ASSIGNOR hereby covenants that it will, at the request of the ASSIGNEE, fully aid and assist in all of ASSIGNEE's collection efforts and will further perform and execute such further acts as shall be reasonably requested by ASSIGNEE to effectuate the purpose of this Assignment Agreement and to aid ASSIGNEE in prosecuting and collecting any or all of said assigned claims against ABS.

4   This Assignment Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one agreement, and a facsimile or e-mail signature shall have the same effect as an original signature.

IN WITNESS WHEREOF, the parties set their hands and seals as of the date first above written by their duly authorized representatives.

ASSIGNOR:
SOLOMON CAPITAL LLC

By: Solomon Sharbat, President

ASSIGNEE:
UNITED TORAH EDUCATION & SCHOLARSHIP FUND, INC.

By: Simon Schwarz, President

2

# EXHIBIT D



SOLOMON CAPITAL LLC
67-34 KESSEL STVE 30TH FL
FOREST HILLS, NY 11375

To: SOLOMON CAPITAL LLC

This letter serves as notification of the following Incoming Wire Transfer
credited to account number **********5796 on 06/12/2008.
If you have any questions, please contact your nearest Commerce Branch
or call 1-888-751-9000.

| | |
|---|---|
| Amount: | $530000.00 |
| Beneficiary: | SOLOMON CAPITAL LLC |
| Account Number: | **********5796 |
| Address: | |
| Sender: | |
| Bank Name: | FIRST OMA |
| ABA Number: | 104000016 |
| Reference Number: | 2008061200001471 |
| Originator Bank: | TD AMERITRADE CLEARING INC |
| Address: | ATTN CASHIERING DEPT |
| | 4211 S 102ND STREET |
| | OMAHA NE 68127-1031 |
| By Order Of: | SOLOMON CAPITAL LLC LLC ATTN: SOLOM |
| Address: | 6736 KESSEL ST |
| | FOREST HILLS NY 113754143 |
| Receiver Bank Name: | COMMERCE BK NA |
| ABA Number: | 026013673 |
| FRB Incoming Confirmation Number: | 20080612C1B76E1C00144906121152FT01 |
| Reference for Beneficiary: | 0000000004509501 |
| Originator to Beneficiary: | |
| Bank to Bank Information: | |
| Miscellaneous Information: | |

THANK YOU FOR CHOOSING COMMERCE BANK.

COMMERCE BANK IS A TRADE NAME OF TDBANK,N.A.



**Commerce Bank** *America's Most Convenient Bank®*

SOLOMON CAPITAL LLC
67-34 KESSEL STVE 30TH FL
FOREST HILLS, NY 11375

To: SOLOMON CAPITAL LLC

This letter serves as notification of the following Incoming Wire Transfer
credited to account number *********5796 on 06/16/2008.
If you have any questions, please contact your nearest Commerce Branch
or call 1-888-751-9000.

| | |
|---|---|
| Amount: | $425000.00 |
| Beneficiary: | SOLOMON CAPITAL LLC LLC ATTN SOLOMO |
| Account Number: | *********5796 |
| Address: | N SHARBAT |
| Sender: | |
| Bank Name: | FIRST OMA |
| ABA Number: | 104000016 |
| Reference Number: | 200806160000839 |
| Originator Bank: | TD AMERITRADE CLEARING INC |
| Address: | ATTN CASHIERING DEPT |
| | 4211 S 102ND STREET |
| | OMAHA NE 68127-1031 |
| By Order Of: | SOLOMON CAPITAL LLC LLC ATTN: SOLOM |
| Address: | 6736 KESSEL ST |
| | FOREST HILLS NY 113754143 |
| Receiver Bank Name: | COMMERCE BK NA |
| ABA Number: | 026013673 |
| FRB Incoming Confirmation Number: | 20080616C1B76E1C00117806161024FT01 |
| Reference for Beneficiary: | 0000000004516358 |
| Originator to Beneficiary: | |
| Bank to Bank Information: | |
| Miscellaneous Information: | |

THANK YOU FOR CHOOSING COMMERCE BANK.

COMMERCE BANK IS A TRADE NAME OF TDBANK,N.A.



**Commerce Bank**  America's Most Convenient Bank®

SOLOMON CAPITAL LLC
67-34 KESSEL STVE 30TH FL
FOREST HILLS, NY 11375

To: SOLOMON CAPITAL LLC

This letter serves as notification of the following Incoming Wire Transfer
credited to account number **********5796 on 06/17/2008.
If you have any questions, please contact your nearest Commerce Branch
or call 1-888-751-9000.

Amount:                          $728000.00
Beneficiary:                     SOLOMON CAPITAL LLC LLC ATTN SOLOMO
Account Number:                  **********5796
Address:                         N SHARBAT
Sender:
Bank Name:                       FIRST OMA
ABA Number:                      104000016
Reference Number:                2008061700000740
Originator Bank:                 TD AMERITRADE CLEARING INC
Address:                         ATTN CASHIERING DEPT
                                 4211 S 102ND STREET
                                 OMAHA NE 68127-1031
By Order Of:                     SOLOMON CAPITAL LLC LLC ATTN: SOLOM
Address:                         6736 KESSEL ST
                                 FOREST HILLS NY 113754143
Receiver Bank Name:              COMMERCE BK NA
ABA Number:                      026013673
FRB Incoming Confirmation Number: 20080617C1B76E1C00103306171028FT01
Reference for Beneficiary:       0000000004520052
Originator to Beneficiary:
Bank to Bank Information:
Miscellaneous Information:

THANK YOU FOR CHOOSING COMMERCE BANK.

COMMERCE BANK IS A TRADE NAME OF TDBANK,N.A.

3



SOLOMON CAPITAL LLC
67-34 KESSEL STVE 30TH FL
FOREST HILLS, NY 11375

To: SOLOMON CAPITAL LLC

This letter serves as notification of the following Incoming Wire Transfer
credited to account number **********5796 on 06/19/2008.
If you have any questions, please contact your nearest Commerce Branch
or call 1-888-751-9000.

Amount:                              $300000.00
Beneficiary:                         SOLOMON CAPITAL LLC LLC ATTN SOLOMO
Account Number:                      **********5796
Address:                             N SHARBAT
Sender:
Bank Name:                           FIRST OMA
ABA Number:                          104000016
Reference Number:                    2008061900001201
Originator Bank:                     TD AMERITRADE CLEARING INC
Address:                             ATTN CASHIERING DEPT
                                     4211 S 102ND STREET
                                     OMAHA NE 68127-1031
By Order Of:                         SOLOMON CAPITAL LLC LLC ATTN: SOLOM
Address:                             6736 KESSEL ST
                                     FOREST HILLS NY 113754143
Receiver Bank Name:                  COMMERCE BK NA
ABA Number:                          026013673
FRB Incoming Confirmation Number:    20080619C1B76E1C00129106191119FT01
Reference for Beneficiary:           0000000004525928
Originator to Beneficiary:
Bank to Bank Information:
Miscellaneous Information:

THANK YOU FOR CHOOSING COMMERCE BANK.

COMMERCE BANK IS A TRADE NAME OF TDBANK,N.A.



**Commerce Bank**   *America's Most Convenient Bank®*

SOLOMON PARTNERS, INC
6734 KESSEL STREET
FOREST HILLS, NY 11375

To: SOLOMON PARTNERS, INC

This letter serves as notification of the following Outgoing Wire Transfer
debited to your account number **********8735 on 06/13/2008.
If you have any questions, please contact your nearest Commerce Branch
or call 1-888-751-9000.

Amount:                               $44000.00
Beneficiary:                          Solomon Partners
Account Number:                       **********9836
Address:                              55 WATER STREET
                                      NEW YORKNY
Sender Bank Name:                     COMMERCE BK MARLTN
ABA Number:                           026013673
FRB Outgoing Confirmation Number:     20080613C1B76E1C001555
Reference Number:                     08061313 1227XI02
By Order Of:                          SOLOMON PARTNERS, INC
Account Number:                       **********8735
Address:                              6734 KESSEL STREET
                                      FOREST HILLS, NY 11375-
Receiver Bank Name:                   JPMCHASE
ABA Number:                           021000021
Originator Bank:
Account Number:
Address:
Reference for Beneficiary:            HSII-7FKMND
Originator to Beneficiary:
Bank to Bank Information:
Miscellaneous Information:

THANK YOU FOR CHOOSING COMMERCE BANK.

COMMERCE BANK IS A TRADE NAME OF TDBANK,N.A.



**Commerce Bank** *America's Most Convenient Bank®*

SOLOMON CAPITAL LLC
67-34 KESSEL STVE 30TH FL
FOREST HILLS, NY 11375


To: SOLOMON CAPITAL LLC

This letter serves as notification of the following Outgoing Wire Transfer
debited to your account number **********5796 on 06/16/2008.
If you have any questions, please contact your nearest Commerce Branch
or call 1-888-751-9000.

Amount:                              $44000.00
Beneficiary:                         Solomon Partners
Account Number:                      **********9836
Address:                             55 Water Street
                                     New YorkNY
Sender Bank Name:                    COMMERCE BK MARLTN
ABA Number:                          026013673
FRB Outgoing Confirmation Number:    20080616C1B76E1C000187
Reference Number:                    080616083355XI03
By Order Of:                         SOLOMON CAPITAL LLC
Account Number:                      **********5796
Address:                             67-34 KESSEL STVE 30TH FL
                                     FOREST HILLS, NY 11375-
Receiver Bank Name:                  JPMORGAN CHASE BAN
ABA Number:                          021000021
Originator Bank:
Account Number:
Address:
Reference for Beneficiary:           NBNE-7FKU6Y
Originator to Beneficiary:           Nfs Fidelity National Financial Service 066
                                     196221
Bank to Bank Information:
Miscellaneous Information:

THANK YOU FOR CHOOSING COMMERCE BANK.

COMMERCE BANK IS A TRADE NAME OF TDBANK,N.A.



**Commerce Bank**

*America's Most Convenient Bank®*

SOLOMON PARTNERS, INC
6734 KESSEL STREET
FOREST HILLS, NY 11375

To: SOLOMON PARTNERS, INC

This letter serves as notification of the following Incoming Wire Transfer
credited to account number *********8735 on 06/16/2008.
If you have any questions, please contact your nearest Commerce Branch
or call 1-888-751-9000.

| | |
|---|---|
| Amount: | $44000.00 |
| Beneficiary: | |
| Account Number: | ********* |
| Address: | |
| Sender: | |
| Bank Name: | JPMORGAN CHASE |
| ABA Number: | 021000021 |
| Reference Number: | 0405400165EZ |
| Originator Bank: | VOSTRO SNDRY DP |
| Address: | |
| By Order Of: | SOLOMON PARTNERS, INC |
| Address: | 6734 KESSEL STREET |
| | FOREST HILLS, NY 11375- |
| Receiver Bank Name: | COMMERCE BK NA |
| ABA Number: | 026013673 |
| FRB Incoming Confirmation Number: | 20080616C1B76E1C00037406160801FT01 |
| Reference for Beneficiary: | HSII-7FKMND |
| Originator to Beneficiary: | |
| Bank to Bank Information: | 6100 RETURN OF YOUR FED IMAD 0613C1*B76E1C |
| | 001555 DATED 06/13/08 UNABL*E TO APPLY DUE |
| | TO NEED VLD DDA* |
| Miscellaneous Information: | |

THANK YOU FOR CHOOSING COMMERCE BANK.

COMMERCE BANK IS A TRADE NAME OF TDBANK,N.A.



**Commerce Bank** *America's Most Convenient Bank®*

SOLOMON CAPITAL LLC
67-34 KESSEL STVE 30TH FL
FOREST HILLS, NY 11375

To: SOLOMON CAPITAL LLC

This letter serves as notification of the following Incoming Wire Transfer
credited to account number **********5796 on 06/16/2008.
If you have any questions, please contact your nearest Commerce Branch
or call 1-888-751-9000.

Amount:                          $425000.00
Beneficiary:                     SOLOMON CAPITAL LLC LLC ATTN SOLOMO
Account Number:                  **********5796
Address:                         N SHARBAT



**Commerce Bank**
10110 METROPOLITAN AVE
FOREST HILLS, NY 11375

461- 07965
1-1387/280

PAY SOLOMON CAPITAL ADVISORS ***
TO THE ORDER OF

Six Hundred Thousand Dollars AND 00 Cents

THE SUM $600,000.00

DOLLARS

RE:

NON-NEGOTIABLE

⑈461079651⑈ ⑆50218013601⑈ 90 0140 51⑈

OFFICIAL CHECK

NOTICE TO CUSTOMERS

THE PURCHASE OF AN INDEMNITY BOND WILL BE REQUIRED
BEFORE THIS CHECK WILL BE REPLACED OR REFUNDED IN THE
EVENT IT IS LOST, MISPLACED, STOLEN OR DESTROYED.

9



## Bank of America

SOLOMON CAPITAL ADVISORS INC
SOLOMON SHARBAT

Combined Statement
Page 5 of 8        4830075182ε
Statement Period
06/01/08 through 06/30/08
EO  P PA  0A 60
Enclosures 0

---

### Business Economy Checking

### SOLOMON CAPITAL ADVISORS INC  SOLOMON SHARBAT

---

### Your Account at a Glance

| | | | |
|---|---|---|---|
| Account Number | 4830 0751 8277 | Statement Beginning Balance | $664.00 |
| Statement Period | 06/01/08 through 06/30/08 | Amount of Deposits/Credits | $600,000.00 |
| Number of Deposits/Credits | 1 | Amount of Withdrawals/Debits | $209,500.00 |
| Number of Withdrawals/Debits | 4 | Statement Ending Balance | $391,164.00 |
| Number of Deposited Items | 1 | | |
| Number of Days in Cycle | 30 | Average Ledger Balance | $185,747.33 |
| | | Service Charge | $0.00 |

Your account has overdraft protection provided by Deposit Account number 4830 0748 3658.

### Deposits and Credits

| Date Posted | Amount ($) Description | Bank Reference |
|---|---|---|
| 06/19 | 600,000.00  Counter Credit | 813004570715778 |

### Withdrawals and Debits

### Other Debits

| Date Posted | Amount ($) | Description | Bank Reference |
|---|---|---|---|
| 06/20 | 50,000.00 | Funds Transfer Debit Fdes Nfl 0213235 Nbkc1Wc | 945006202350521 |
| 06/20 | 50,000.00 | Funds Transfer Debit Fdes Nfl 0213235 Nbkc1Wc | 945006202350527 |
| 06/26 | 100,000.00 | Agent Assisted transfer to Chk 8280 Confirmation# 4492849605 | 956906267501979 |
| 06/26 | 9,500.00 | NY Tlr cash withdrawal from Chk 8277 Banking Ctr Fifth Ave & 48Th        #0094101 NY Confirmation# 4497794362 | 957506269939794 |

### Daily Ledger Balances

| Date | Balance ($) | Date | Balance ($) |
|---|---|---|---|
| 06/01 | 664.00 | 06/20 | 500,664.00 |
| 06/19 | 600,664.00 | 06/26 | 391,164.00 |



ommerce Bank   America's Most Convenient Bank®

SOLOMON CAPITAL LLC
67-34 KESSEL STVE 30TH FL
FOREST HILLS, NY 11375

To: SOLOMON CAPITAL LLC

This letter serves as notification of the following Outgoing Wire Transfer
debited to your account number *********5796 on 06/26/2008.
If you have any questions, please contact your nearest Commerce Branch
or call 1-888-751-9000.

Amount:                              $400000.00
Beneficiary:                         Ferber Chan Llp Speacial Account.
Account Number:                      *********2635
Address:                             Na
                                     New YorkNY
Sender Bank Name:                    COMMERCE BK MARLTN
ABA Number:                          026013673
FRB Outgoing Confirmation Number:    20080626C1B76E1C001713
Reference Number:                    0B0626142224XI02
By Order Of:                         SOLOMON CAPITAL LLC
Account Number:                      *********5796
Address:                             67-34 KESSEL STVE 30TH FL
                                     FOREST HILLS, NY 11375-
Receiver Bank Name:                  JPMORGAN CHASE BAN
ABA Number:                          021000021
Originator Bank:
Account Number:
Address:
Reference for Beneficiary:           AORA-7FYNDT
Originator to Beneficiary:
Bank to Bank Information:
Miscellaneous Information:

THANK YOU FOR CHOOSING COMMERCE BANK.

COMMERCE BANK IS A TRADE NAME OF TDBANK,N.A.

**Commerce Bank**
**Domestic Wire Transfer**

* Approver's Name: Michael A Lembo

Initiator: Alicia Ortega
* Initiator's Ext: 8-444 4100

Wire Status: Pending Branch Approval
Date: 06/26/2008
Reference Number: 0122

| Wire Amount | Customer's Bank Code | Branch Bank Code | Branch # |
|---|---|---|---|
| $400,000.00 | 0136 - NY | 0136 - NY | 407 |

**Same Day Deposit?**
No

| Wire Type | Account Type |
|---|---|
| Wire Transfer | Business |

## ORIGINATOR

| Customer Name | Customer Account Number |
|---|---|
| Solomon Capital Llc. | 7915975796 |

## BENEFICIARY

| Beneficiary Name | Beneficiary Account Number |
|---|---|
| Ferber Chan Llp Speacial Account. | 16482635 |

| Beneficiary Address 1 | Beneficiary Address 2 |
|---|---|
| Na | |

| Beneficiary City | Beneficiary State/ Zip Code |
|---|---|
| New York | NY NA |

## RECEIVING BANK

| Receiving Bank Name | ABA Number |
|---|---|
| Chase Bank N.A. | 021000021 |

## SPECIAL INSTRUCTIONS

Further Credit Bank Name

Further Credit Comments: Maxb/16 chi tracfi

**CUSTOMER REQUESTING**                    **APPROVED BY**

(Signature)                               (Signature)

Solomon Capital Llc.

**Notices & Disclaimers:** Commerce Bank is a trade name of TD Bank, N.A.

## SOLOMON CAPITAL ADVISORS INC.
### General Ledger

SSCAPITADV
Page 1

| Date | Reference T | Description | Beginning Balance | Current Amount | Period End Amount | YTD Balance |
|------|-------------|-------------|-------------------|----------------|-------------------|-------------|
| | I VOID | | | | | |
| 05/31/08 | 1032 | | 0.00 | | | |
| 05/31/08 | 1033 | | | 596.25 | | |
| 05/31/08 | 1034 | | | 100.00 | | |
| 05/31/08 | 1035 | | | 200.00 | | |
| 05/31/08 | 1036 | | | 1,480.00 | | |
| 05/31/08 | 1037 | | | 260.00 | | |
| 05/31/08 | 1038 | | | 449.99 | | |
| 05/31/08 | 1039 | | | 190.65 | | |
| 05/31/08 | 1040 | | | 60.00 | | |
| 05/31/08 | 1041 | | | 220.59 | | |
| 05/31/08 | 1042 | | | 1,100.00 | | |
| 05/31/08 | 1043 | | | 2,850.00 | | |
| 05/31/08 | 1044 | | | 4,600.00 | | |
| 05/31/08 | 1045 | | | 3,250.00 | | |
| 05/31/08 | 1046 | | | 5,750.00 | | |
| 05/31/08 | 1047 | | | 500.00 | | |
| | | | | 3,000.00 | | |
| | | May | | 24,607.48 | 24,607.48 | |
| 06/30/08 | 1030 | | | | | |
| 06/30/08 | 1048 | | | 6,796.75 | | |
| 06/30/08 | 1049 | | | 100.00 | | |
| 06/30/08 | 1050 | | | 500.00 | | |
| 06/30/08 | 1051 | | | 25,000.00 | | |
| 06/30/08 | 1052 | | | 5,000.00 | | |
| 06/30/08 | 1053 | | | 60.00 | | |
| 06/30/08 | 1054 | | | 220.59 | | |
| 06/30/08 | 1055 | | | 8,000.00 | | |
| 06/30/08 | 1056 | | | 250.00 | | |
| 06/30/08 | 1057 | | | 450.00 | | |
| 06/30/08 | 1063 | | | 100.00 | | |
| 06/30/08 | 1064 | | | 50,000.00 | | |
| 06/30/08 | 1067 | | | 2.00 | | |
| | | | | 5,000.00 | | |
| | | June | | 101,479.34 | 126,086.82 | |
| 07/31/08 | 1061 | | | 12,000.00 | | |
| 07/31/08 | 1062 | | | 12,000.00 | | |
| 07/31/08 | 1065 | | | 100,000.00 | | |
| | | July | | 124,000.00 | 250,086.82 | |
| | | | | 250,086.82 | | 250,086.8 |

Range of Accounts Specified:

YTD Profit/(Loss)       0.00

Number of Transactions    33

The General Ledger is in balance    0.0

NEITHER THESE SECURITIES NOR THE SECURITIES INTO WHICH THESE SECURITIES ARE EXERCISABLE HAVE BEEN REGISTERED WITH THE SECURITIES AND EXCHANGE COMMISSION OR THE SECURITIES COMMISSION OF ANY STATE IN RELIANCE UPON AN EXEMPTION FROM REGISTRATION UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT"), AND, ACCORDINGLY, MAY NOT BE OFFERED OR SOLD EXCEPT PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT UNDER THE SECURITIES ACT OR PURSUANT TO AN AVAILABLE EXEMPTION FROM, OR IN A TRANSACTION NOT SUBJECT TO, THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT AND IN ACCORDANCE WITH APPLICABLE STATE SECURITIES LAWS AS EVIDENCED BY A LEGAL OPINION OF COUNSEL TO THE TRANSFEROR TO SUCH EFFECT, THE SUBSTANCE OF WHICH SHALL BE REASONABLY ACCEPTABLE TO THE COMPANY. THESE SECURITIES AND THE SECURITIES ISSUABLE UPON EXERCISE OF THESE SECURITIES MAY BE PLEDGED IN CONNECTION WITH A BONA FIDE MARGIN ACCOUNT OR OTHER LOAN SECURED BY SUCH SECURITIES.

## STRATOS RENEWABLES CORPORATION

### WARRANT

Warrant No. PP1-08-015                    Date of Issuance:     June 26, 2008

Stratos Renewables Corporation, a Nevada corporation (the "Company"), hereby certifies that, for value received, Solomon Capital Advisors or its registered assigns (the "Holder"), is entitled to purchase from the Company up to a total of 71,428[1] shares of common stock, $.001 par value (the "Common Stock"), of the Company (each such share, a "Warrant Share" and all such shares, the "Warrant Shares") at an exercise price equal to $.75 per share (as adjusted from time to time as provided in Section 8) (the "Exercise Price"), at any time and from time to time from and after the date hereof and through and including March 6, 2013 (the "Expiration Date"), and subject to the following terms and conditions.

1.      Registration of Warrant. The Company shall register this Warrant, upon records to be maintained by the Company for that purpose (the "Warrant Register"), in the name of the record Holder hereof from time to time. The Company may deem and treat the registered Holder of this Warrant as the absolute owner hereof for the purpose of any exercise hereof or any distribution to the Holder, and for all other purposes, absent actual notice to the contrary.

---

[1] For every two (2) shares of Common Stock purchased by the Holder, the Holder shall receive one (1) Warrant Share.

# FERBER CHAN ESSNER & COLLER, LLP

530 FIFTH AVENUE

NEW YORK, NEW YORK 10036-5101

TEL: (12) 944-2200

FAX: (212) 944-7630

E-mail:     mungioli@ferberchan.com

July 29, 2008

VIA FACSIMILE (212)464-5002

Ms. Mary Legreid
JPMorgan Private Bank
345 Park Avenue
11th Floor
New York, NY 10154

Re:     Ferber Chan Essner & Coller, LLP
        Special Account No:  164-82-635

Please arrange to transfer $25,000 from the above referenced account to be transferred to:

JP Morgan Chase Bank
401 Madison Avenue
New York, New York
ABA No: 021000021
Account Name:  Bilenberg Krause & Paul LLP
F/B/O:  Solomon Capital LLC
Escrow Account No:  127-079377367

Thank you in advance.

Sincerely,

## Gina Mungioli

Gina Mungioli
Office Manager

David I. Ferber, Partner

00075116.DOC

**Integrated Beverage Group, Ltd.**
**Rescission Offer Letter for the March 4, 2008 Offering**

August 1, 2008

**VIA CERTIFIED MAIL**
Solomon Capital Advisors
6734 Kessel St.
Queens, New York 11375

We are writing to you with respect to your purchase of shares of common stock, $.0001 par value (the "Shares") of Integrated Beverage Group, Ltd. (the "Company") in the Company's offering of up to 10,000,000 Shares at $1.00 per Share (the "Offering") pursuant to its confidential private placement memorandum dated March 4, 2008 (the "Memorandum"). The Offering is being made to "accredited" investors pursuant to Regulation D promulgated under the Securities Act of 1933, as amended. The Company is amending and restating the Offering to provide for the sale of up to eight million (8,000,000) Shares at $.75 per Share and 2,000,000 redeemable warrants exercisable for five (5) years at $.75 per Share (the "Warrants") for gross proceeds to the Company of up to six million dollars ($6,000,000).

The Company's management has determined that it is in the Company's best interests to adjust the price of the Shares from $1.00 to $0.75 per Share and include the Warrants in the Offering. The Company currently has at least $1.0 million in escrow, and intends to close on these funds pursuant to the amended terms of the Offering. For every three dollars ($3.00) invested in the Offering, the Company will issue to the investor one (1) Warrant. No fractional Shares or Warrants will be issued. All fractional Shares and Warrants will be rounded down to the nearest whole number. Some of these proceeds may be used to repurchase Shares from any investor who purchased Shares in this Offering prior to the date hereof and who elects to have his or her investment returned with interest. Investors purchased an aggregate of $986,500 prior to the date of the amendment to the terms of the Offering.

On the basis of the above, the Company has determined that it is necessary to, and does hereby offer to rescind the offer and sale of the Shares sold to you pursuant to the Offering prior to the date hereof, to release you from all contractual obligations that the Company required you to undertake in order to effectuate this sale and to refund to you the full amount paid for the Shares plus interest at 9% rate per annum. This notice is being sent to you pursuant to applicable state law and regulations.

Should you decide to accept this offer of rescission, kindly sign and return this letter indicating your acceptance. Upon receipt of your acceptance and the return of your stock certificate (as applicable), the Company will refund the purchase price to you plus the applicable interest at the rate indicated above, and you will be released from any and all contractual obligations.

If you decide to decline this offer of rescission and continue with your investment under the amended terms of the Offering, please indicate so below and return a signed copy of this letter and a copy of the amendments to the Memorandum to Stursberg and Associates, LLC in the enclosed postage pre-paid envelope. Upon receipt of your letter declining this offer, the Company will send to you a stock certificate evidencing the additional Shares, together with the appropriate number of Warrants.

This offer shall remain open for 30 days from the date of this letter. During such time you may either accept or reject this offer. Unless you respond to this offer within the 30 day period, the right to have the prior purchase of your Shares rescinded will be terminated and you will be deemed to have declined the offer of rescission. In such event, the Company will issue to you the additional Shares to which you are entitled under the amended terms of the Offering together with the appropriate number of Warrants. You may wish to consult with independent counsel before deciding to accept or reject the rescission offer so as to be fully informed about the risks and consequences of your decision.

_____   I accept this rescission offer. Please refund the purchase price of the securities to me plus the applicable interest.

_____   I decline this offer and will continue my investment. Please send me a stock certificate evidencing the additional Shares, and the warrant agreement.

Sign name

Solomon Shabat
Print name

9-8-08
Date

Please return this letter to:

Stursberg and Associates, LLC
405 Lexington Avenue, Suite 4949
New York, NY 10174
Attention: Bettina C. Elstroth, Esq.
Tel: 212-922-1177
Fax: 212-922-0995
bce@stursberglaw.com



```
                                              PAGE 1 OF 1
                                   BANK OF AMERICA, N.A.
                                   WIRE TRANSFER ADVICE
                                   1 FLEET WAY          PA6-580-04-05
                                   SCRANTON, PA          18507
```

```
        SOLOMON CAPITAL LLC
        SOLOMON SHARBAT
        6734 KESSEL ST
        FOREST HILLS NY  11375-4143
```

```
                                   DATE: 08/13/08
                                   DIRECT INQUIRIES TO:
                                   800.729.9473 OPTION 2
                                   ACCOUNT: 483007490997
```

---

**THE FOLLOWING WIRE WAS CREDITED TODAY:**                    USD AMOUNT $68,758.76

```
TRANSACTION REF:   2008081300167591
SENDER'S REF:      9494900226FT                SERVICE REF: 004231
IMAD:              2D080813B1QQC01C004231      RELATED REF: SWF OF 08/08/13
ORIGINATOR:        WARRANT STRATEGIES FUND LLC     ID: KTC1099671
ORIGINATOR'S BANK: NATIONAL FINANCIAL SERVICES CORP 1I  ID:
SENDING BANK:      JPMORGAN CHASE BANK, NA         ID: 021000021
BENEFICIARY:       SOLOMON CAPITAL LLC             ID: 483007490997
```

16



BANK OF AMERICA, N.A.
WIRE TRANSFER ADVICE
1 FLEET WAY          PA6-580-04-05
SCRANTON, PA          18507

SOLOMON CAPITAL LLC
SOLOMON SHARBAT
6734 KESSEL ST
FOREST HILLS NY   11375-4143

DATE: 08/13/08
DIRECT INQUIRIES TO:
800.729.9473 OPTION 2
ACCOUNT: 483007490997

THE FOLLOWING WIRE WAS CREDITED TODAY:                    USD AMOUNT $68,758.76

TRANSACTION REF:    2008081300167591
SENDER'S REF:       9494900226FT                   SERVICE REF: 004231
IMAD:               20080813B1QGC01C004231         RELATED REF: SWF OF 08/08/13
ORIGINATOR:         WARRANT STRATEGIES FUND LLC    ID: KTC1099671
ORIGINATOR'S BANK:  NATIONAL FINANCIAL SERVICES CORP 1I ID:
SENDING BANK:       JPMORGAN CHASE BANK, NA        ID: 021000021
BENEFICIARY:        SOLOMON CAPITAL LLC            ID: 483007490997



Date
07/31/2008

Account
7915975796

013602FHN3N0000326

Check 2454, $180.00  Date Presented 07/02/2008

Check 2467, $800.00  Date Presented 07/09/2008

Check 2471, $1,018.00  Date Presented 07/24/2008

Check 2472, $30,000.00  Date Presented 07/08/2008

# Bank

**America's Most Convenient Bank®**

SOLOMON CAPITAL 401K TRUST
SOLOMON SHARBAT Trustee



#93      5/10      $25,000.00

23 Jun 11 12:25a        solomon sharbat                    917 514-2978          p.1

# Bank

**America's Most Convenient Bank®**

SOLOMON CAPITAL 401K TRUST
SOLOMON SHARBAT Trustee





**Bank of America** ⇴

**Cashier's Check**

No. **19313**

Notice to Purchaser: In the event this check is lost, misplaced or stolen, a sworn statement and 90-day waiting period will be required prior to replacement. This check should be negotiated within 90 days.

Date          OCTOBER 24, 2008          30-1/1140
                                        NTX

Banking
Center          345 PARK AVENUE

0094350  00010   001931301          SOLOMON CAPITAL ADVISORS INC
                                    Remitter (Purchased By)

32-14-3774B  06-2005

Pay          **TWELVE THOUSAND FIVE HUNDRED DOLLARS AND 00 CENTS**                    $      **12500.00

To
The
Order
Of          **MICHAEL CARIDI**
            ****

                                                      Non-Negotiable

Bank of America, N.A.
San Antonio, Texas          VOID AFTER 90 DAYS          Authorized Signature

                              Customer Copy
                          Retain For Your Records          001641004928

2/

 **Bank of America**

## Check Image

**Account Number: 0095 1530 5736**



Ref. No.: 813009092009019   Amount: 7,173.00



Ref. No.: 813009792040277   Amount: 2,500.00



Ref. No.: 813005992420700   Amount: 7,172.03



Ref. No.: 813004570854751   Amount: 1,500.00



Ref. No.: 813004670719427   Amount: 12,500.00

END OF CHECK IMAGE

22

**TD Bank**

407- 24504

TD Bank, N.A.
1350 AVENUE OF THE AMERICAS
NEW YORK, NY 10019

1-1347/060

10/31/09

OFFICIAL CHECK

NOTICE TO CUSTOMERS

THE PURCHASE OF AN INDEMNITY BOND WILL BE REQUIRED
BEFORE THIS CHECK WILL BE REPLACED OR REFUNDED IN THE
EVENT IT IS LOST, MISPLACED, STOLEN OR DESTROYED

*****EMA HOLDING*****

PAY
TO THE ORDER OF

$25,000.00

Twenty Five Thousand Dollars AND 00 Cents

DOLLARS

THE SUM $25000.00CT

NON-NEGOTIABLE

RE: _____

⑆407 24504⑆ ⑈5021⑇0136⑈ 90 0140 5⑈

23



EMTA Holdings, Inc.

INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA

CERTIFICATE NUMBER

21102

PAR VALUE $0.001
COMMON STOCK

CUSIP NO. 29246S101

SHARES

THIS CERTIFIES THAT

*1,200,000*

IS THE OWNER OF: *ONE MILLION TWO HUNDRED THOUSAND*

SOLOMON SHARBAT

FULLY PAID AND NON-ASSESSABLE SHARES OF THE COMMON STOCK PAR VALUE OF $0.001 EACH OF

EMTA HOLDINGS, INC.

TRANSFERABLE ON THE BOOKS OF THE CORPORATION IN PERSON OR BY DULY AUTHORIZED ATTORNEY UPON SURRENDER OF THIS CERTIFICATE
PROPERLY ENDORSED. THIS CERTIFICATE IS NOT VALID UNTIL COUNTERSIGNED BY THE TRANSFER AGENT AND REGISTERED BY THE REGISTRAR.
WITNESS THE FACSIMILE SEAL OF THE CORPORATION AND THE FACSIMILE SIGNATURES OF ITS DULY AUTHORIZED OFFICERS.

EDMOND L. LONERGAN
President & Secretary

EMTA HOLDINGS, INC.
NEVADA
Corporate
Seal

DATED: FEBRUARY 04, 2009

COUNTERSIGNED AND REGISTERED:
ISLAND STOCK TRANSFER
Transfer Agent

By

Authorized Signature

100 Second Avenue South, Suite 705S, St. Petersburg, FL 33701
727.289.0010

5736

EMTA HOLDINGS INC COMMON 3

2Y

**SOLOMON PARTNERS, INC.**
57-34 KESSEL ST.
FOREST HILLS, NY 11375

3005

1-1367-260
467

DATE _Nov 15/07_

PAY
TO THE
ORDER OF _CADENCE Private Equity LLC._  | $ 3?...

_Thirty seven thousand five hundred_ — DOLLARS

**Commerce**
**Bank** America's Most Convenient Bank®
1-800-YES-2000

OWNER

FOR _It 4 For:. ASPR_

A-Note   ⑈0030050⑈ ⑆0260136731⑆   7919759964⑈

25

## PROMISSORY NOTE

$$ 25,000.00

New York, New York
OCTOBER 24, 2008

FOR VALUE RECEIVED, **MICHAEL CARIDI**, (hereinafter "Maker"), promises to pay to the order of **SOLOMON SHARBAT LLC** and its heirs, estates, survivors and assigns (hereinafter "Payee") at its office, 654 Madison Ave., New York, New York 10021, Room # 1507, or at such other place as Payee may designate in writing, delivered or mailed to Maker, in lawful money of the United States of America, the principal sum of TWENTY FIVE THOUSAND DOLLARS ($25,000.00), with no interest thereon from the date hereof, payable in one lump sum in available funds on June 1, 2009.

This Note is secured by a confession of judgment of even date herewith from Maker to Payee. In the event of Maker's failure to make payment when due hereunder, then the entire unpaid balance of the Note shall, at Payee's option, become immediately due and payable without demand or notice and Payee is hereby authorized to then immediately enter a judgment against Maker. This provision is a material inducement for Payee extending credit to maker.

Maker, for himself, his heirs, legal representatives, successors, and assigns, waives presentment for payment, demand, protest, notice of dishonor and diligence in collection, and waives any right to be released by reason of any extension of time or change in terms of payment or any change, alteration or release of any security given for the payment hereof, and further agrees to pay all reasonable attorneys' fees if, after default hereunder or under the confession of judgment securing this Note, an attorney is retained by Payee to secure collection hereof, whether or not litigation is required; further if litigation is required, such reasonable attorneys' fees shall include fees for both trial and all appellate proceedings.

No act of omission or commission of the Payee, including any failure to exercise any right, remedy or recourse hereunder, shall be deemed to be a waiver or release of the same, any waiver or release to be effected only through a written document executed by the Payee and then only to the extent specifically recited therein. A waiver or release with reference to any one event shall not be construed as continuing, as a bar to, or as a waiver or release of any subsequent right, remedy or recourse as to a subsequent event.

This Note may not be changed orally, but only by an agreement in writing and signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

This Note shall be construed, enforced and governed under the laws of the State of New York.

_____
**MICHAEL CARIDI**

1

26



**STRATOS**

9440 S. Santa Monica Blvd. · Suite 401 · Beverly Hills, CA 90210
Telephone 310.402.5901 · www.stratosrenewables.com

<u>Sent via UPS</u>

November 7, 2008

Mr. Solomon Sharbat
Solomon Capital Advisors
67-34 Kessel Street
Forest Hills, NY  11375

Dear Solomon:

Per your telephone conversation with Sanjay Pai and Mark Beychok,
enclosed  are your Stratos Renewables Corporation stock certificate #2100
for 142,857 shares of common stock and your Warrant No. PP1-00015 for
71,428 shares of common stock.

Best regards,

*Valerie*

Valerie A. Broadbent
Corporate Secretary

2-7





WI-TRON, INC.

SEE LEGEND REVERSE SIDE

SEE REVERSE SIDE FOR
CERTAIN DEFINITIONS AND
LEGENDS

100,000,000 SHARES OF COMMON STOCK
PAR VALUE $0.0001 PER SHARE
1,000,000 SHARES OF D PREFERRED STOCK
PAR VALUE $0.001 PER SHARE

***Solomon Capital LLC***
***Solomon Sharbat***
***67-34 Kessel St***
***Queens, NY 11375***

***Twenty Five Thousand***

FULLY PAID AND NON-ASSESSABLE SHARES OF THE SERIES D CONVERTIBLE PREFERRED STOCK $0.0001 PAR VALUE OF

WI-TRON, INC.

*Shares*

*is the registered holder of*

01/30/2009

Talochan Bains
SECRETARY

John Chase Lee
PRESIDENT

AUTHORIZED SIGNATURE
TRANSFER AGENT
201 BLOOMFIELD AVE.
VERONA, NJ 07044
JERSEY TRANSFER AND TRUST CO

29



# MACDONALD TUSKEY

## CORPORATE AND SECURITIES LAWYERS

Suite 1210, 777 Hornby Street
Vancouver, B.C.
V6Z 1S4   CANADA

Telephone: (604) 689-1022
Facsimile: (604) 681-4760
Email: info@wlmlaw.ca
Email: wmacdonald@wlmlaw.ca
Email: svirani@wlmlaw.ca
Email: lkowan@wlmlaw.ca
Our File Ref: 0882-1

November 25, 2008

**BY COURIER**

Holladay Stock Transfer
2939 N 67th Pl Ste C
Scottsdale, AZ 85251

**Attention: Tom Laucks**

Dear Mr. Laucks:

Re:     **Kitcher Resources Inc. (the "Company")**

We enclose share certificate number 3019 registered in the name of Harbhajan Badyal representing 1,400,000 shares in the capital of the Company, together with an original Irrevocable Power of Attorney to Transfer Securities executed by Harbhajan Badyal.

Please re-register the 1,400,000 shares to:

Solomon Capital Advisors Inc.
654 Madison Ave., Room 1507
New York, NY 10021
Taxpayer ID#:  20-8958656
Telephone No.: (646) 545-9800

Please send the re-registered share certificate once completed by federal express (account number 422000305) directly to Solomon Capital Advisors Inc . at the address above, with a copy of the share certificate by fax to our office.

We trust you will find the foregoing to be satisfactory.  If you should require anything further, please do not hesitate to contact the undersigned.  Thank you.

Yours truly,
**W.L. MACDONALD LAW CORPORATION**

Encl.
WLM/mll

3



N90121152016

Not Valid Unless Countersigned by Transfer Agent

Nevada

Cusip No. 498041 10 8

## Kitcher Resources , Inc.

Authorized Common Stock: 75,000,000
Par Value: $.001

This Certifies that

SOLOMON CAPITAL ADVISORS INC

Is The Record Holder Of

ONE MILLION FOUR HUNDRED THOUSAND SHARES

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:

January 6, 2009

KRI
CORPORATE
Seal

SETH SHAW
President

Countersigned
Holladay Stock Transfer, Inc.
2939 North 67th Place, Suite C · Scottsdale, Arizona 85251
By:

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT

31



**America's Most Convenient Bank®**

ADVANTAGE PREMIUM FUNDING LLC
67-34 KESSEL ST
FOREST HILLS, NY 11375

To: ADVANTAGE PREMIUM FUNDING LLC

This letter serves as notification of the following Outgoing Wire Transfer
debited to your account number *********0327 on 11/06/2008.
If you have any questions, please contact your nearest TD Bank Branch
or call 1-888-751-9000.

Amount:                                    $100000.00
Beneficiary:                               Anslow & Jaclin, Llp
Account Number:                            *********2968
Address:                                   195 Route 9 South
                                           Suite 204
                                           ManalapanNJ
Sender Bank Name:                          TD BANK
ABA Number:                                026013673
FRB Outgoing Confirmation Number:          20081106C1B76E1C001763
Reference Number:                          081106150824XI00
By Order Of:                               ADVANTAGE PREMIUM FUNDING LLC
Account Number:                            *********0327
Address:                                   67-34 KESSEL ST
                                           FOREST HILLS, NY 11375-
Receiver Bank Name:                        WACHOVIA BANK NA O
ABA Number:                                031201467
Originator Bank:
Account Number:
Address:
Reference for Beneficiary:                 EBEX-7L5R7B
Originator to Beneficiary:
Bank to Bank Information:
Miscellaneous Information:

THANK YOU FOR CHOOSING TD BANK.



**TD Bank, N.A.**
1701 Route 70 East
Cherry Hill, New Jersey 08034-5400
1-888-751-9000

America's Most Convenient Bank®

013802INY13N0003823

**SOLOMON SHARBAT**
8734 KESSEL ST
FOREST HILLS NY 11375-4143

*We're here 7 days a week, 24 hours a day at 1-888-751-9000.*

**YES CHECKING**  7915404409

| | | | |
|---|---|---|---:|
| Statement Balance as of 10/08/08 | | | $53,195.17 |
| Plus | 0 | Deposits and Other Credits | $0.00 |
| Less | 1 | Checks and Other Debits | $30,000.00 |
| Statement Balance as of 11/06/08 | | | $23,195.17 |

## Transactions By Date

| Date | Description | Debit | Credit | Balance |
|---|---|---|---|---|
| 11/06/08 | COUNTER WITHDRAWAL | $30,000.00 | | $23,195.17 |

## Check Transactions

| Number | Date | Amount | Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 32979000 | 11/06 | $30,000.00 | | | | | | |

Items denoted with an "E" are electronic entries and will not have a check image.

NOTE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION
Member FDIC

 **Bank**

America's Most Convenient Bank®

TD Bank, N.A.
1701 Route 70 East
Cherry Hill, New Jersey 08034-5400
1-888-751-9000



D13904NNY12N00018371

**SOLOMON PARTNERS, INC**
**6734 KESSEL STREET**
**FOREST HILLS NY 11375**

*We're here 7 days a week, 24 hours a day at 1-888-751-9000.*

**BUSINESS STATEMENT SAVINGS**   **8915028735**

| | | | |
|---|---|---|---|
| Statement Balance as of 10/31/08 | | | $59,889.10 |
| Plus | 1 | Deposits and Other Credits | $6.29 |
| Less | 2 | Withdrawals and Other Debits | $39,000.00 |
| Statement Balance as of 11/30/08 | | | $20,894.39 |

## Transactions By Date

| Date | Description | Debit | Credit | Balance |
|---|---|---|---|---|
| 11/04/08 | WITHDRAWAL | $9,000.00 | | $50,889.10 |
| 11/05/08 | WITHDRAWAL | $30,000.00 | | $20,889.10 |
| 11/30/08 | INTEREST PAYMENT | | $6.29 | $20,894.39 |

## Interest Summary

| | |
|---|---|
| Beginning Interest Rate | 0.25% |
| Interest Paid Year to Date | $62.72 |

**NOTE:** SEE REVERSE SIDE FOR IMPORTANT INFORMATION

 **Bank**

**America's Most Convenient Bank®**

Balance information reflects transactions through 6:00 PM on that business day.  Some deposits may not be available for immediate withdrawal.
Checks and other items are received for deposit subject to the provisions of the Uniform Commercial Code or any applicable collection agreement.

```
16B  3:47 PM  #   11/05/08  6  ****0327
DDA Deposit                 $100,000.00
13B   64TH & 3RD AVE            409
```

BR-17-TD (11/08)

TD Bank, N.A. | Member FDIC

 **Bank**

**America's Most Convenient Bank®**

Balance information reflects transactions through 6:00 PM on that business day.  Some deposits may not be available for immediate withdrawal.
Checks and other items are received for deposit subject to the provisions of the Uniform Commercial Code or any applicable collection agreement.

```
165  3:46 PM  #   11/05/08  6  ****9956
Checking Withdrawal         $70,000.00
13B  64TH & 3RD AVE             409
Available Balance          $107,277.25
```

BR-17-TD (11/08)

TD Bank, N.A. | Member FDIC

 **Bank**

**America's Most Convenient Bank®**

Balance information reflects transactions through 6:00 PM on that business day.  Some deposits may not be available for immediate withdrawal.
Checks and other items are received for deposit subject to the provisions of the Uniform Commercial Code or any applicable collection agreement.

```
164  3:46 PM  #   11/05/08  6  ****8735
Savings Withdrawal          $50,000.00
13B  64TH & 3RD AVE             409
Available Balance           $20,889.10
```

BR-17-TD (11/08)

TD Bank, N.A. | Member FDIC



**TD Bank**
America's Most Convenient Bank®

Balance information reflects transactions through 6:00 PM on that business day. Some deposits may not be available for immediate withdrawal. Checks and other items are received for deposit subject to the provisions of the Uniform Commercial Code or any applicable collection agreement.

```
167  3:48 PM  #   11/05/08  6  ****0327
Checking Withdrawal                  $5,669.00
136  64TH & 3RD AVE                        405
Available Balance                  $125,643.36
```

TD Bank, N.A. | Member FDIC

BR-17-TD (11/08)



**TD Bank**
America's Most Convenient Bank®

Balance information reflects transactions through 6:00 PM on that business day. Some deposits may not be available for immediate withdrawal. Checks and other items are received for deposit subject to the provisions of the Uniform Commercial Code or any applicable collection agreement.

```
166  3:47 PM  #   11/05/08  6  ****0327
DDA Deposit                        $100,000.00
136  64TH & 3RD AVE                        409
```

TD Bank, N.A. | Member FDIC

BR-17-TD (11/08)



013602INY13N00003623



Check 32979000,  $30,000.00  Date Presented 11/06/2008



**Bank of America**

PAGE 1 OF 1
BANK OF AMERICA, N.A.
WIRE TRANSFER ADVICE
1 FLEET WAY          PA6-580-04-05
SCRANTON, PA          18507

H

SOLOMON CAPITAL ADVISORS INC
SOLOMON SHARBAT
6734 KESSEL ST
FOREST HILLS NY  11375-4143

DATE: 01/16/09
DIRECT INQUIRIES TO:
800.729.9473 OPTION 2
ACCOUNT: 483007518277

---

THE FOLLOWING WIRE WAS DEBITED TODAY:

| | | USD AMOUNT $25,000.00 |
|---|---|---|
| TRANSACTION REF: | 2009011600271644 | |
| RELATED REF: | 0109011601099NN | SERVICE REF: 350161 |
| INSTRUCTING BANK: | BANK OF AMERICA NA - BFT | ID: BFTA |
| BENEFICIARY: | SOLOMON CAPITAL LLC | ID: 62974888 |
| BENEFICIARY'S BANK: | HSBC BANK USA | ID: 0108 |

---

THE FOLLOWING WIRE WAS DEBITED TODAY:

| | | USD AMOUNT $50,000.00 |
|---|---|---|
| TRANSACTION REF: | 2009011600271950 | |
| RELATED REF: | 0109011601122NN | SERVICE REF: 350287 |
| INSTRUCTING BANK: | BANK OF AMERICA NA - BFT | ID: BFTA |
| BENEFICIARY: | SANFORD C BERNSTEIN   CO LLC | ID: 066-641659 |
| BENEFICIARY'S BANK: | JPMORGAN CHASE BANK, N.A. | ID: 0002 |
| PAYMENT DETAIL: | /ACC/FFC SOLOMON CAPITAL LLC ACCT // 038-91764 | |

---

32

Recycled Pap



URKIYE,

```
HSBC BANK USA, N.A.

OUR REF # 016444500
DATE: 16/JAN/2009
CHIPS RECEIVE CREDIT ADVICE
```

CREDIT A/C # D629748888
REF:2009011600271644

**\*\*\*\*\*\*\*\*\*\*\*$25,000.00**

ML03607

SOLOMON CAPITAL LLC
6734 KESSEL ST
FOREST HILLS, NY 11375-4143

REF:01090116010999NN
RECEIVED VIA CHIPS SSN # 0350161

BANK OF AMERICA N.A.

EMITTER INFORMATION:ORG=A/C-483007518277, SOLOMON CAPITAL ADVISORS INC, SOLOMON
SHARBAT, 6734 KESSEL ST, FOREST HILLS NY  11375-4143,

ENEFICIARY INFORMATION:BNF=A/C-629748888, SOLOMON CAPITAL LLC, 6734 KESSEL ST,
OREST HILLS NY 11375-4143,

HSBC Bank USA



SANFORD C. BERNSTEIN & Co., LLC
A subsidiary of AllianceBernstein L.P.

www.bernstein.com

| | Account No.<br>038-91764 | Period Ending<br>03/31/2009 | Last Statement<br>02/27/2009 |
|---|---|---|---|

NY05

003691 ABSTM401

**SOLOMON CAPITAL LLC**
**SOLOMON SHARBAT, PRESIDENT**
**6734 KESSEL AVE**
**FOREST HILLS NY 11375-4143**

| | | |
|---|---|---|
| Bernstein Adviser: | Mark Schlossberg | (212) 756-4204 |
| Advisor Associate(s): | Michael Fanelli | (212) 756-4655 |
| | David Levine | (212) 756-4080 |
| | Meghan DeGroot | (212) 756-4065 |
| | Bianca Benedetti-Fang | (212) 756-4207 |
| Fax Number: | | (212) 407-5850 |

MEMBER, NEW YORK STOCK EXCHANGE, INC.  

## ACCOUNT SUMMARY

| | Opening Balance | % | | Closing Balance | % |
|---|---|---|---|---|---|
| Cash | 50,003 | 100.0 | | 50,017 | 100.0 |
| **Total Account Value** | **50,003** | **100.0** | | **50,017** | **100.0** |

## INCOME SUMMARY

| | Current Month | Year To Date |
|---|---|---|
| Credit Interest | 13 | 17 |
| **Total Income** | **13** | **17** |

## CAPITAL GAINS SUMMARY
Through 03/27/2009

| | Current Quarter | Year To Date |
|---|---|---|
| Short Term | 0 | 0 |
| Long Term | 0 | 0 |
| **Total** | **0** | **0** |

## PORTFOLIO SUMMARY

| Quantity | Description | Price | Market Value | Estimated Annual Income Rate | Amount |
|---|---|---|---|---|---|
| **Cash** | | | | | |
| | Closing Cash Balance | | 50,017 | 0.29% | 145 |

## ACCOUNT ACTIVITY

| Trade Date<br>Settle Date | M C | Quantity | Transaction | Description | Price/Share<br>Rate/Share | Debit | Credit |
|---|---|---|---|---|---|---|---|
| | | | | **Opening Cash Balance** | | | 50,003.12 |
| **Interest Income / Expense** | | | | | | | |
| 03/02/09 | | | Interest | INTEREST ON CREDIT BALANCE<br>AT 0.350% 02/01 THRU 02/28 | | | 13.43 |
| | | | | **Closing Cash Balance** | | | 50,016.55 |

BERNSTEIN
Global Wealth Management
A unit of AllianceBernstein L.P.

33

Page 1 of 4

H

**Bank of America**

PAGE 1 OF 1
BANK OF AMERICA, N.A.
WIRE TRANSFER ADVICE
1 FLEET WAY          PA6-580-04-05
SCRANTON, PA          18507

SOLOMON CAPITAL ADVISORS INC
SOLOMON SHARBAT
6734 KESSEL ST
FOREST HILLS NY  11375-4143

DATE: 01/16/09
DIRECT INQUIRIES TO:
800.729.9473 OPTION 2
ACCOUNT: 483007518277

---

THE FOLLOWING WIRE WAS DEBITED TODAY:              USD AMOUNT $25,000.00

                                                  SERVICE REF: 350161

TRANSACTION REF:    2009011600271644
RELATED REF:        01090116010999NN              ID: BFTA
INSTRUCTING BANK:   BANK OF AMERICA NA - BFT      ID: 62974888
BENEFICIARY:        SOLOMON CAPITAL LLC           ID: 0108
BENEFICIARY'S BANK: HSBC BANK USA

---

THE FOLLOWING WIRE WAS DEBITED TODAY:              USD AMOUNT $50,000.00

                                                  SERVICE REF: 350287

TRANSACTION REF:    2009011600271950
RELATED REF:        01090116011222NN              ID: BFTA
INSTRUCTING BANK:   BANK OF AMERICA NA - BFT      ID: 066-641659
BENEFICIARY:        SANFORD C BERNSTEIN   CO LLC  ID: 0002
BENEFICIARY'S BANK: JPMORGAN CHASE BANK, N.A.

PAYMENT DETAIL:     /ACC/FFC SOLOMON CAPITAL LLC ACCT // 038-91764

---

Recycled Paper

34

**Bank of America**

FSC11001                          ADVICE OF CREDIT
                                        REFERENCE #: NBKC42350528


         AMOUNT: $            50,000.00           DATE: 06/20/08
         ACCOUNT NUMBER: **********0997
         FUNDS TRANSFER CREDIT
         MICHAEL JUHN


                                         PREPARED BY: NBKC1WC
                        CO NO: 0075   COST CENTER: 0213235


THIS IS YOUR ONLY COPY. PLEASE RETAIN THIS INFORMATION FOR USE IN RECONCILING YOUR ACCOUNT.

35


**Bank**

Date
07/31/2008

Account
7915975796

013602IHN3N00000328

Check 2454,  $180.00  Date Presented 07/02/2008



Check 2467,  $800.00  Date Presented 07/09/2008

Check 2471,  $1,018.00  Date Presented 07/24/2008

Check 2472,  $30,000.00  Date Presented 07/08/2008

36

*AB*

SANFORD C. BERNSTEIN & CO., LLC

SOLOMON CAPITAL LLC
SOLOMON SHARBAT, PRESIDENT
6734 KESSEL AVE
FOREST HILLS NY  11375-4143

April 9, 2009

**Third Party Funds Transfer Confirmation**

This letter will serve as confirmation for the following Third Party Funds Transfer(s)
from account 038-91764 occurring on April 8, 2009:

| Transferred to: | Type of Transfer: | Amount: |
|---|---|---|
| AEI Greentech Investments |V|, LLC | Wire | $25,000.00 |

If this confirmation is not in accordance with your records, please notify Client Reporting
at (914) 993-2313 or contact your Bernstein Advisor for more details regarding this
transfer.

NYO5

**Bank of America** ⩓

**Funds Transfer Request**
**and Authorization**

**Section I: Requester/Originator Information** Solomon

Name Solomon Capital / Sharbat
Telephone # 917-516-2978 Date Wire to be Sent 01/16/09

Address 67-34 Laurel St.
City Queens
State NY
Zip 1375

Customer ID Type 1. Driver License
ID# 1.5091-966-683
Issue State/Country 1. NY/USA
Issue Date 1.7/29/03
Expiration Date 1.8/29/11

2. BOA Visa Debit # 6077 exp 7/11
Method of Signature Verification (If Applicable) Signature card

**Section II: Associate Accepting Wire**

Associate Name Nicole Haddock
Phone and Fax # 646-358-3160/3177
Unit Code/QC# 487/48608
Date 01/16/09
Time 1:26 pm EST

Callback Required if Phone, Fax or Letter ☐ Yes ☒ N/A
Callback Completed by:
Name/Number of Person Contacted
Date/Time
Approval (required)/Market Approval (if request)

**Section III: Domestic Payment Instructions**

Amount of Wire $ 50,000
Debit Account Type (circle one) (CHKG) SAV ICA GL
Serial # (For ICA/GL) or Repetitive ID#
Source ☐ Fax ☐ Phone ☒ OTC ☐ Letter

Account to Debit 5,000
4830-0751-6277
State NY
Available Balance $ 270,164.00
Account Title Solomon Capital Advisors Inc

Overdraft Amount $
Overdraft Approved by (Name & Signature)
Date
Wire Fee $ 25

**Section IV: International Payment Instructions:** ☐ Check here if funds must be sent in US Dollars

USD Amount of Wire $
Country
Rate
Foreign Currency Code
Foreign Currency Amount

Debit Account Type (circle one) CHKG SAV ICA GL
Serial # (For ICA/GL) or Repetitive ID#
FX Reference ID (If Applicable)
Source ☐ OTC ☐ Fax ☐ Phone ☐ Letter

Account to Debit
State
Available Balance $
Account Title

Overdraft Amount $
Overdraft Approved by (Name & Signature)
Date
Wire Fee

**Section V: Wire Information**

Beneficiary Name Sandford C Bernstein & Co LLC
Beneficiary Account # OR IBAN (If IBAN, no further Beneficiary Bank information is required) 066-641654

Beneficiary Address Street
City
State
Country
Zip

Beneficiary Bank Name JPMorgan Chase Bank
ABA # or SWIFT or National ID 021000021...

Beneficiary Bank Address Street
City
State
Country
Zip

Additional Instructions (Attention To, Phone Advise, Customer Reference, Contact Upon Arrival)
FFC: Solomon Capital LLC # 038-91764

Send Thru Bank/IBK (if available)
ABA # or SWIFT or National ID

Send Thru Bank Address Street
City
State
Country
Zip

**Section VI: Customer Approval**

I authorize Bank of America to transfer my funds as set forth in the instructions noted herein (including debiting my account if applicable), and agree that such transfer of funds is subject to the Bank of America standard transfer agreement (see reverse side) and applicable law. If this is a foreign currency wire transfer, I accept the conversion rate provided in Section IV, or, if no rate is entered, the rate provided by Bank of America at the time the wire transfer is sent.

Customer's Signature:
Date of Request: 01/16/09

**Section VII: Wire System Entry/Verification**
BAT Approval Authorization # (if applicable)

Wire Entered by (Name/Signature) (attach BFT screens prints) Nicole Haddock
Signature Haddock
BFT System Time 15:40:11
BFT Sequence # 010901160112222

Print Nicole Haddock

Date of Entry and Verification
Verified By (Name/Signature) (Print Verification Screen)
BFT System Time

Print:
Signature:

**Note: Purpose of Wire must be disclosed if sent to an OFAC blocked country - See OFAC in PRO**

95-14-0237B 05-2006 JI 188846
White - Banking Center Copy    Canary - Customer Copy

38-

advAnced
equities*

Advanced Equities
311 S. Wacker Drive
Suite 1650
Chicago, IL 60606

312.377.5300 phone
800.474.0900 toll-free
312 377.5314 fax
www.advancedequities.com

## Advanced Equities Greentech Investments IV LLC

4/8/2009

Solomon Sharbat
6734 Kessel Ave
Forest Hills, NY 11375

RE: **Receipt of Funds and Subscription Documents**

Dear Mr. Sharbat,

This letter is to advise you that on 4/8/2009 Advanced Equities, Inc. received your funds in the amount of $25,000.00, along with your Subscription Agreement and Purchaser Questionnaire related to your investment in the Advanced Equities Greentech Investments IV LLC (the "LLC").

These funds will remain in escrow until they are accepted by the LLC. At that time, you will receive notification acknowledging your acceptance as a member of the LLC and that the investment has been closed.

If you should have any questions between now and the final closing date please contact Kevin Graetz or Joe Hedo directly.

Regards,

Advanced Equities, Inc.

39

# EXHIBIT E

Print

**Subject: Fwd: TD AMERITRADE account please Forward to Dave Rich ,)**
From: Solomon Sharbat <ssharbat@yahoo.com>
Sent: Sunday, June 08, 2008 7:53:00 PM
To: jrich@vfinance.com, jstoehrer@vfinance.com, sschwarz@justice.com
CC: drich@vfinance.com

Dear David
As you recall from our conversation from last week
,You stated that V Finance had no problem with
Solomon Capital llc to transfer a substantial
number of PGOG Perf Go Green shares to a non for
profit charity . This Donation was donation was done
in writting long ago but when the shares was issued
they were inadvertedly placed in the name of Solomon
Capital llc . When I tried to transfer the shares to
the charity Td Ameritrade refused to do so . See email
below . Accordingly Solomon Capital llc was
intstructed to sell some of these shares by the
charity , soley as its agent , and to remit any
proceeds to the charity .Therefore i am notifiying of
this change caused by ameritrade. If you have any
further question in regards this matter please call my
attorney Simon Schwarz after the Jewish holiday at 347
852 3514
--- TD AMERITRADE Client Support
<clientsupport@tdameritrade.com> wrote:

> Date: Thu, 5 Jun 2008 14:28:03 -0500 (CDT)
> From: TD AMERITRADE Client Support
> <clientsupport@tdameritrade.com>
> To:  <ssharbat@yahoo.com>
> Subject: TD AMERITRADE account ending in 8646
> (KMM52730406l97L0KM)
>
> Dear Solomon Sharbat (dba Solomon Capital LLC):
>
> TD AMERITRADE has received you correspondence dated
> 6/3/08 in reference to your Perf Go-Green (PGOG)
> transfer request.
>
> TD AMERITRADE has made a business decision that
> third party internal transfers of penny stock shares
> are beyond the scope of our business model.  The
> decision extends to requests for transfers of penny
> stock to charitable accounts.
>
> We apologize in advance for any inconvenience this
> may cause, and we thank you for your cooperation
> with this matter.
>
>
> Corporate Compliance
> TD AMERITRADE



# Solomon Sharbat
### Forest Hills, New York 11375
### 917-514-2978 cell

June 13, 2008

Jennifer M. Ghaly
Chief Compliance Officer
V-Finance Investments, Inc.
3010 N. Military Trail, Suite 300
Boca Raton, FL 33431

Dear Mrs Ghaly:

As I promised you in my letter of yesterday, June 12, 2008, this letter shall consist of the detailed facts and supporting documentation attached thereto which will demonstrate that V-Finance Investments, Inc. ("V-Finance") has no legitimate basis to mark my U5 with a "Yes" answer, as I have fully complied with all laws, regulations, rules and industry standards of conduct while employed by V-Finance.

You are absolutely correct in stating that "no one approved the sale of any [of my] shares of PGOG." However, Solomon Capital LLC did not sell any shares it owns or profits from, on its own account, but rather donated shares removed from its ownership or control, as an agent for a bona fide charitable organization, with all profits remitted to that charity, given Ameritrade's sudden refusal to effectuate a donative transfer to the charity and the charity's written instructions to do so under extenuating circumstances. This has nothing to do with V-Finance's relationship with Perf, or my inability to sell any of my own shares until the trading restriction on the shares is over. As illustrated in detail below, I did not engage in any deceptive business practice; I did not deliberately ignore or violate any firm policies and procedures; I did not create any potential conflict of interest with customers I put into this deal for profit, and I did not possibly violate any FINRA and SEC rules and regulations.

## A. The TD Ameritrade Trading Account of Solomon Capital LLC

First, your letter inaccurately accuses me of dishonesty and nondisclosure of the TD Ameritrade Trading Account of Solomon Capital LLC. This accusation is simply wrong as a matter of documented fact. As the e-mails and additional documents annexed hereto as Exhibit A indicate, I first opened this trading account at TD Ameritrade Trading Account several months after I joined V-Finance Investments Inc. on April 25, 2008. It was not disclosed on my initial Outside Brokerage Accounts form when I first joined V-Finance because it did not even exist at that time. Shortly before the account was opened, I tried to deposit these shares into a trading account with V-Finance. I was unable to do that because Fidelity rejected it.  I therefore advised by

1

David Rich to go TD Ameritrade, who immediately sought and requested in writing a letter of Authorization from V-Finance. Exhibit A hereto contains the filled out form signed by David Rich, my compliance manager, on behalf of V-Finance, and faxed back to TD Ameritrade. The Letter of Authorization signed by Mr. Rich also requested copies of all statements and trade confirmations, which was then confirmed by letter from TD Ameritrade dated April 25, 2008. In fact, V-Finance has received every statement and trade confirmation thereafter until the present.

At the time this happened, back in late April 2008, I could not log on to my account at V-Finance due to technical difficulties that lasted several months. Quite honestly, because my function is primarily introductions, I have rarely used the V-Finance computer even later. Be that as it may, I recall Mr. Rich stating emphatically not to worry because he will adjust my log in information to reflect the TD Ameritrade account. It now appears this was not done. The responsibility for not having this information updated lies squarely with V-Finance, not mine. I made the full required disclosure on an ongoing basis and sought to hide nothing from V-Finance.

### B. The Bona-Fide Donation of 250,000 Perfco Green Shares to Charity

On March 19, 2008, Solomon Capital LLC agreed to donate 250,000 shares of Perfco Green (PGOG) stock to a non-profit charitable organization-United Torah Education & Scholarship Fund, Inc.("United Torah"). See Exhibit B attached. I am fully familiar with the excellent work and legitimacy of this organization does on account of the fact that my attorney, Simon Schwarz, Esq., a man of impeccable character and integrity, serves as its president, and it does exactly what its charter says it does. See Exhibit B attached. On the advice of counsel, I did not report this donation to V-Finance directly because it did not involve a sale or other profitable transaction from which I would personally benefit even one cent and it was from an initial issuance in which I would not participate financially. However, Mr. Rich was told of, and verbally approved, the transfer of 10,000 shares of PGOG to a Morgan Freeman related charitable foundation *as well as* planned donations to other unspecified charities. These were all designed to be transfers of stock, unlike the United Torah donation which was conceived before any stock was issued by Perfco Green. Mr. Rich only demurred when advised in writing of the United Torah donation because her felt it was not a bona fide donation (as stated to me verbally over the phone) and because it involved some "exchange of money." But the former is entirely baseless, as illustrated below, and the latter incorrect because trading as an agent and remitting all proceeds as an agent does not constitute any real exchange of monies. Mr. Rich's e-mail to me of June 5, 2008 seems to misapprehend the entire situation when it speaks of "you cannot sell any shares while in your name" and "[y]ou must donate them without any monies being exchanged to the charity first." See Exhibit C. This is clearly not what took place.

Further, your claim that I "have been untruthful in terms of [my] intended transaction" is simply inaccurate. The 10,000 Morgan Freeman shares donation did not take place until June 2008, and was always intended to be a transfer from Solomon Capital LLC to him. The United

Torah donation took place in March 2008. See Exhibits B and E. 250,000 of the unrestricted shares designated for me were not put in the name of United Torah by the transfer agent, when originally issued by Perfco Green, as I had initially sought to do. I thought I could rectify that decision by helping United Torah open its own trading account at TD Ameritrade, and then make a journal transfer to that account. See Exhibit D hereto. United Torah did just that but, much to my surprise, TD Ameritrade refused to allow any transfer by me to the United Torah account, even the smaller initial request of 40,000 shares. See Exhibit D. I then sought to have the shares transferred to a new trading account opened up by United Torah in another brokerage firm. But that would take some time and United Torah did not want to wait for fear of a market downturn in the interim. It therefore instructed Solomon Capital LLC to trade as its agent in the Solomon Capital account and to remit the proceeds to United Torah. See Exhibit B. I expect to do so later today or Monday, as soon I have calculated the average proceeds, and to sent you a copy of the related wire transfer or check.

Moreover, to further assure that United Torah maintained full control over the trading done on its behalf through the Solomon Capital account, I allowed a representative of United Torah to execute almost all of its trades, with my availability for advice. I was advised by counsel that I certainly was not a controlling person with respect to these trades.

In any event, Friday, June 6, 2008, the day all this took place, was a very hectic day and I simply could not find any time to call V-Finance. My attorney assured me that it was technically unnecessary, but that I should notify V-Finance as soon as reasonably possible after the close of trading that day. I did so on Sunday, June 8, 2008, by e-mail to my compliance manager, David Rich, apprising him of the facts and the difficult and extenuating situation caused by the unexpected action of TD Ameritrade. See Exhibit C. Mr. Rich was also asked to call my attorney immediately after the Jewish holiday (Shavous) so that this difficult matter could be amicably worked out. My attorney advises me he never got such a call. There can be no doubt that my actions (even if I had done something technically wrong, and I don't believe I did so) were motivated by kindness and a desire to do what is right, not greed, willful deceptiveness, illegality or dishonesty worthy of a "Yes" Answer on my U5.

In short, I did not engage in any deceptive business practice; I did not deliberately ignore or violate any firm policies and procedures; I did not create any potential conflict of interest with customers I put into this deal for profit, and I did not possibly violate any FINRA and SEC rules and regulations.

Respectfully,

Solomon Sharbat

3

# Shlomo Sharbat

67-34 Kessel Street
Forest Hills, NY 11375
Phone: 917-514-2978

September 18, 2008

Ms. Jeannie Gray
Associate Principal Investigator
FINRA
14 Wall Street
New York, NY 10005
Fax: 646-315-7446

<u>Re: Form U-5 Dated 7/9/2008, STAR Matter #20080141493</u>

Dear Ms. Gray:

I am in receipt of your letter dated July 16, 2008.  I apologize for the delay in responding.  As Mr. Baron explained to you I had been in Israel from 06/26/08 to 09/06/08.  My intent was not to be away for such an extended period of time however I had a health issue while away causing my stay to be extended.  Upon my return I received the card from the post office for a certified letter from FINRA.  When I tried to retrieve the letter at the post office I was informed that the letter was "returned to sender".

With regard to the comments made on my form U-5 filed by V-Finance it is my opinion that this is a classic example of a firm trying to damage a Registered Representative for leaving.  Supporting documents included with this response proving out my stance are copies of letters to Jennifer Ghaly, Simon Schwarz, and a portion of my phone record.

In early June 2008 it became evident that it was in my best interest to resign from V-Finance.  Without disparaging the company, it simply was not a good fit for me.  Prior to this date I had informed the compliance department of charitable donations I had intended to make.  I did indeed get verbal permission to make a donation of 10,000 shares of Perf Go Green Holdings, Inc. (PGOG) and I later informed compliance of an additional donation to United Torah Education & Scholarship Fund, Inc. (UTES) that had been arranged months earlier.

It was my intention to try to support a cause I feel strongly about with a donation to UTES. As I had demonstrated in my letter to Ms. Ghaly attempts were made to complete the donation by transferring stock in PGOG.  When my attempts to transfer the stock dragged on without

resolution I began to explore alternative methods of completing the donation. As I was preparing to leave V-Finance PGOG had risen to a level where this donation would meet a substantial portion of the needs and goals of UTES. I am sure you can understand the concerns of all parties involved trying to lock in a minimum dollar value of the contribution to the charity. I had consulted with an attorney whose opinion I have relied on in the past, and he had reassured me that since the pledge had been made many months earlier executing a sale on behalf of UTES should not be a violation. All aspects of the PGOG sale in question were directed by UTES who in my eyes was the owner of the stock.

On June 6, 2008 I tried to contact the compliance department to discuss my resignation and the sale of the PGOG stock on behalf of UTES as shown on the phone log included. I was unable to contact Mr. Rich so I emailed him after the Sabbath. I did not try to hide anything or deceive anyone, nor did I attempt to profit from the sale of this stock.

I have notified UTES that the sale is being reviewed and that I have an issue with my form U-5 as a result of this sale. Having been in the securities industry for several years I was aware that once a "yes" answer is marked on a form U-5 it triggers a regulatory review. I explained the situation to UTES and that until there is a final resolution of the regulatory review I am unable to complete the transfer of the proceeds from the sale in question. When I know what if any corrective action needs to be taken I can complete what was intended as a charitable act.

It would be greatly appreciated if you could notify me upon completion of the review so that I can finally complete this donation, and put this matter behind me.

Sincerely,

Shlomo Sharbat

# Shlomo Sharbat

67-34 Kessel Street
Forest Hills, NY 11375
Phone: 917-514-2978

September 16, 2008

Mr. Simon Schwarz
President
United Torah Education & Scholarship Fund, Inc.
954 Lexington Ave., Suite 261
New York, NY 10021

### Re: Charitable Donation

Dear Mr. Schwarz:

As you know I had pledged to donate a block of stock I owned in Perf Go Green Holdings, Inc. to the United Torah Education & Scholarship Fund, Inc. It is still my intention to complete this donation, but a situation has arisen delaying this. I am working to resolve the issue as quickly as possible.

To give you an abbreviated explanation of the problem when I tried to do the transfer of the stock from my account at TD Ameritrade they were unable or unwilling to complete a third party transfer. To try to facilitate the donation while I was in the process of resigning from V-Finance I liquidated the stock so I could transfer the proceeds. This stock required permission from my ___ to sell which I had received, but they later claimed I did not. As you can imagine this puts me in a very difficult and awkward place.

Currently the comments made on my U-5 regarding my separation from V-Finance and the sale of the stock are being reviewed by FINRA. I am unsure what action I may need to take, or if there is going to be some sort of penalty regarding the sale. Upon the conclusion of the review I will complete the donation.

Thank you for your understanding.

Sincerely,

Shlomo Sharbat