EXHIBIT C

**From:** Simon Schwarz <sschwarz@justice.com>
**To:** ssharbat@yahoo.com
**Sent:** Tuesday, January 31, 2012 12:39 AM
**Subject:**

Shlomo:

Please have this notarized again at the American Embassy only. The notarization from the israeli notary is not acceptable in New York court and Nimkopf will object to your affidavit.

---

Find a local lawyer and free legal information at FindLaw.com.

10. Regardless of the due diligence issue, the Kessel St. house is without question not my present "dwelling place," Because Mr. Michelle was in California for an extended period of time starting in January 2011, I did not receive any mail for several months.

11. I am advised by counsel that even assuming the <u>mailing</u> aspect of the nail and mail method of service under CPLR § 308(4) had been properly effectuated by Mr. Dreyer to my "last known residence" at 67-34 Kessel Street, Forest Hills, NY 11375, the <u>nailing</u> part was not properly done at that address because the statute requires that such nailing be done at my "dwelling place" which it clearly was not.  Therefore, no "personal service as defined in the CPLR," was ever made upon me pursuant to CPLR § 308, as the method of service specifically directed by the order to show cause.

**(ii)   Lack of Subject Matter Jurisdiction**

12.  I am further advised by counsel that this Court lacks subject matter jurisdiction to enter any general order or judgment in *quantum meruit* against Solomon Sharbat and in favor of Attorney Nimkoff, in this action, without the service of a summons and complaint in a new action, other than to conduct a special summary proceeding brought by a withdrawing attorney pursuant to Judiciary Law § 475,  for which it has jurisdiction to fix the amount of Attorney Nimkoff's quantum meruit fee as a charging lien against any proceeds of this action. Moreover, even if this were simply a summary proceeding under Judiciary Law § 475, I am advised that I would first be entitled to a hearing to determine where Attorney Nimkopf's withdrawal was "for cause"; otherwise he is not entitled to any quantum meruit fee in this contingency fee matter.