Peretz Bronstein (pb8628)
BRONSTEIN GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, New York 10165
(212) 697-6484
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
UNITED TORAH ED. & SCHOLARSHIP
FUND, INC.,
                          Plaintiff,

        --against--                                  13-cv-3619 (RJS)

SOLOMON CAPITAL, LLC, et al.,
                          Defendants.
-----------------------------------------------------------------

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants (the "Sharbat Parties") hereby submit this Memorandum of Law, through counsel, in support of their motion to dismiss the Second Amended Complaint [Doc. 21] pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and Fed.R.Civ.P. 12(b)(5) for insufficient service of process as to Shlomo Sharbat and the Solomon Capital Living Trust and Solomon Capital 401(k) Trust (the "Trust Defendants").

### SUMMARY

This action should be dismissed for lack of subject matter jurisdiction being that Shlomo Sharbat is a citizen of Israel.  Complete diversity is therefore lacking under 28 US §1332.  In addition, Sharbat individually and as sole trustee of the Trust Defendants was never served in Israel pursuant to the Hague Convention.  The action should therefore be dismissed as to these defendants pursuant to Fed.R.Civ.P. 12(b)(5).

1

## FACTS

As declared in the accompanying Sharbat Affidavit, Shlomo Sharbat permanently moved his residence to Israel in the summer of 2010.  He resides with his parents in an apartment in Tel Aviv, nearby extended family.  He is an Israeli citizen, he votes in Israel.  He has an Israeli driver's license.  He would pay taxes in Israel were he not exempt until 2020 as a new immigrant.  His only active bank accounts are in Israel.  He has no longer any ties to the United States (other than business contacts).  In short, in 2010 Mr. Sharbat totally and permanently moved his life to Israel.

Indeed, Mr. Simon Schwarz, counsel to United Torah, while in January 2012 serving as Mr. Sharbat's counsel in another action, drafted for Mr. Sharbat and emailed to him an affidavit eventually submitted to the Supreme Court, New York County, stating that Mr. Sharbat has since 2010 moved his permanent residence to Israel.  The Sharbat Affidavit drafted by Mr. Schwarz stated:

> . . . for some time, I have resided in Tel Aviv, Israel for at least two years and did not reside at the Kessel St. [Queens, NY] address at any time since. That address is for a house owned by my parents, who also moved to Israel well over two years ago, but have had difficulties in selling it due to a poor sellers' market in the area. No one lives at that house, and it would be obvious to anyone who exercised due diligence in serving legal papers there. Indeed, my mail is reviewed and picked up by a friend, Mr. Michelle, once a month or so, based on his availability.

Mr. Schwarz, having drafted as counsel to Mr. Sharbat an affidavit affirming that Mr. Sharbat resides permanently in Israel, is estopped from now arguing otherwise in opposition to Mr. Sharbat's motion.

Regarding service of process, per the affidavits of service submitted by United Torah in this action [Docs.  2-3], process was personally delivered to Mr. Sharbart in Israel for himself and the Trust Defendants, not via the consular channels per the Hague Convention.

2

ARGUMENT

I.      This Court lacks subject matter jurisdiction against a US citizen that resides in Israel

"[T]o invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005)." City of Syracuse v. Loomis Armored US, LLC, 2011 U.S. Dist. LEXIS 144530, *9 (N.D.N.Y Dec. 15, 2011). "It is well settled that a suit by a United States citizen domiciled abroad may not be premised on diversity as the basis for jurisdiction." Herzberg v. MegaSpirea Prods. SAS, 2009 U.S. Dist. LEXIS 26491, *5-*6 (S.D.N.Y. Mar. 10, 2009); Matiella v. DIRECTV, Inc., 2012 U.S. Dist. LEXIS 14972 (S.D.N.Y. Jan. 31, 2012) ("[A] suit by or against United States citizens domiciled abroad may not be premised on diversity." (quoting Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990))).

"To determine whether an individual has established an intent to stay [abroad] indefinitely, courts balance and weigh a wide variety of factors. Among these are the plaintiff's voting practices, place of employment, current residence, location of real and personal property, location of spouse and family, driver's licenses, automobile registration, other licenses, location of bank accounts, payment of taxes, tax return addresses, affiliation with religious, fraternal, and social organizations, location of business transactions, payment of utilities, acquisition and listing of telephones, receipt of mail, and membership in professional and civic organizations. See Aldinger v. Segler, No. 04 Civ. 4405 (RJH), 2005 U.S. Dist. LEXIS 23818, 2005 WL 2591958, at *3 (S.D.N.Y. Oct. 13, 2005) (discussing many of these factors); Kavowras, 1998 U.S. Dist. LEXIS 5962, 1998 WL 209617 at *2 . . . courts in this District have repeatedly held that a general intention of moving back to a place of residence, or a self-serving statement of

intent, is insufficient to establish domicile." Herzberg v. MegaSpirea Prods. SAS, 2009 U.S. Dist. LEXIS 26491, *6-*9 (S.D.N.Y. Mar. 10, 2009).

Here, Solomon Sharbat has moved all ties to Israel where he today resides as a permanent citizen. He lives with his parents and extend family in Tel Aviv. He votes in Israel. He has an Israeli driver's license. He would pay taxes in Israel were he not exempt until 2020. His banking is conducted in Israel. He has no intention of returning to the United States. Being that Mr. Sharbat is not a citizen of any State of the United States, rather today a permanent citizen of Israel, complete diversity is lacking and this action should be dismissed.

II.     Sharbat Personally and as Trustee Was Served In Violation of the Hague Convention.

It is undisputed that Mr. Sharbat individually and as Trustee of the Trust Defendants was served by personal delivery in Israel not in accordance with the Hague Convention. Israel is a member of the Hague Convention and does not permit personal delivery of process other than through the appropriate government channels. See Caruso Glynn, LLC v. SAI Trust, 2012 U.S. Dist. LEXIS 134345 (S.D.N.Y. July 9, 2012)); Friedman v. Israel Labour Party, 1997 U.S. Dist. LEXIS 9204, 7-8 (E.D. Pa. July 2, 1997)(Israel member of Hague and does not permit personal delivery of US process in Israel). See also Papir v. Wurms, 2005 U.S. Dist. LEXIS 2201, 10-11 (S.D.N.Y. Feb. 15, 2005). So service upon Mr. Sharbat and the Trust Defendants is null and void.[1]

---

[1] In its pre-motion letter United Torah argued that service upon the New York-based alleged corporate alter ego's of Sharbat is sufficient. However, the cases cited by plaintiff, including Transfield ER Cape Ltd. v. Indus. Carriers, Inc., 571 F.3d 221 (2d Cir. 2009), all involve service upon a foreign corporation through a domestic corporation. Plaintiff cites no case where the Hague Convention service upon an individual overseas can be avoided by service upon an alleged domestic corporate alter ego. Such service would violate Fed.P.Civ.P 4 that provides for different methods of service upon individuals as opposed to corporations.

## CONCLUSION

For the foregoing reasons, the Second Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(1) and (5).

Date: November 21, 2013.

                                              Respectfully submitted,

                                              /s/  Peretz Bronstein (pb8628)
                                              BRONSTEIN, GEWIRTZ
                                                & GROSSMAN, LLC
                                              60 East 42nd Street, Suite 4600
                                              New York, NY 10165
                                              (212) 697-6484
                                              peretz@bgandg.com

                                              Attorneys for Defendants