UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X

| | |
|---|---|
| UNITED TORAH  EDUCATION  )  | |
| & SCHOLARSHIP FUND, INC.,  )  | |
| a Florida non for profit corporation,  )  | |
| )  | |
| Plaintiff,  )  | **13 CIV 3619 (RJS)** |
| -against-  )  | |
| )  | |
| SOLOMON CAPITAL LLC, et al  )  | |
| )  | |
| Defendants.  )  | |

----------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER (DIVERSITY) AND PERSONAL JURISDICTION

Plaintiff, UNITED TORAH EDUCATION & SCHOLARSHIP FUND, INC. ("plaintiff" or "UNITED TORAH"), respectfully submits this Memorandum of Law in Response to Defendants' Motion To Dismiss the Second Amended Complaint [DE # 21] pursuant to Fed.R.Civ.P. 12(b)(1),(5)  for lack of subject matter or diversity jurisdiction and insufficient service of process as to defendant Shlomo Sharbat individually ("Sharbat") and the defendants Solomon Capital Living Trust and Solomon Capital 401(k) Trust, of which Solomon Sharbat is the trustee (the "Trust Defendants") (DE # 25).

### INTRODUCTION

In their Memorandum of Law in Support of their Motion to Dismiss (DE # 25), the defendants first contend that this action should be dismissed for lack of subject matter jurisdiction under 28 US §1332 in that the required complete diversity is lacking because defendant Sharbat is not a citizen of, or domiciled in, New York, but rather a dual American-Israeli citizen permanently residing and domiciled in Israel, and deemed a

1

"stateless" citizen under applicable law, whose presence as a defendant in this action defeats diversity jurisdiction.  According to the defendants, the action should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

Second, the defendants contend that this action, at least as to individual defendant Sharbat and the two Trust Defendants of which he is the sole trustee, should be dismissed for lack of personal jurisdiction under 28 US §1331 due to improper personal service of process on Sharbat in Israel in a manner which failed to comply with the Hague Convention. According to the defendants, the action should therefore be dismissed as to these defendants pursuant to Fed.R.Civ.P. 12(b)(5). For the reasons set forth below, both of defendants' contentions are without merit, and their motion to dismiss should be denied in its entirety.

<u>**ARGUMENT**</u>

<u>**POINT I**</u>

**THIS COURT HAS DIVERSITY JURISDICTION OVER ALL DEFENDANTS NOTWITHSTANDING SHARBAT'S DUAL U.S.-ISRAELI CITIZENSHIP BECAUSE HIS NEW YORK DOMICILE HAS NEVER CHANGED TO ISRAEL WHERE HE TEMPORARILY RESIDES, AND HE THEREFORE REMAINS NY CITIZEN FOR DIVERSITY PURPOSES**

**A.  Standard of Review**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  The only source of federal subject matter jurisdiction in this case, as set forth in the amend complaint (DE #__), is diversity of citizenship pursuant to 28 U.S.C. § 1332(a). The standard for reviewing a Rule 12(b)(1) motion to dismiss challenging the court's subject matter jurisdiction is "essentially identical to the 12(b)(6) standard," except that plaintiff has burden of proving by a preponderance of the evidence that subject matter jurisdiction exists, and the court may

consider materials beyond the pleadings. *Friedlander v. Port Jewish Center*, 588 F.Supp.2d 428, 430 (E.D.N.Y. 2008). Thus, "the party asserting jurisdiction bears the burden of proving [it] . . . if the averring party's allegations of jurisdictional facts are challenged by its adversary in any appropriate manner, the averring party must support them by competent proof." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc*., 30 F.3d 298, 301 (2d Cir.1994)(internal citations omitted) "A plaintiff asserting subject matter jurisdiction has the burden of proving its existence by a preponderance of the evidence" at the time the instant action was commenced. *Jordan v. Verizon Corp*., 391 F. App'x 10, 12 (2d Cir. 2010); *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005), *Universal Licensing Corp. v. Lungo*, 293 F. 3d 579, 581 (2d Cir. 2002); *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir.1998). Since an individual's citizenship is determined by his domicile, and not his residence [*see  Williamson v. Osenton*, 232 U.S. 619, 624-25, 34 S.Ct. 442, 58 L.Ed. 758 (1914[1]], this rule would suggest that plaintiff United Torah has the burden of proving that defendant Sharbat's domicile is in New York and not in Israel.

On the other hand, as we explain in more detail at pp.__ *infra*, to determine whether diversity jurisdiction exists, a district court looks to the parties' citizenship at the time the action was commenced, which in turn depends upon where they were domiciled,"established initially at birth and [] presumed to continue in the same place,

---

[1] *See also Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile"). "Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (quoting *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir. 1998)).

absent sufficient evidence of a change." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). The general rule regarding proof of a change in domicile is that a party "has the burden of proving the `require[d] . . . intent to give up, the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality,' and must prove those facts `by clear and convincing evidence.'" *Palazzo*, *id*., 232 F.3d at 42; *Gutierrez v. Fox*, 141 F.3d 425, 429 (2d Cir. 1998).

The tension between the above two potentially conflicting burdens of proof where, in a case such as here, plaintiff's allegation of diversity relies on Sharbat's admitted old domicile from birth and defendants' denial of diversity relies on a claimed recent change in Sharbat's domicile to Israel, has been reconciled by the Second Circuit as follows: plaintiff bears the burden of persuasion in establishing Sharbat's admitted and unquestioned specific initial domicile that supports the existence of diversity jurisdiction; but once such an original domicile is demonstrated, the opposing defendants "bear[s] the burden of proving that [the initial domicile] had been abandoned for" some other domicile. *Herrick Co. v. SCS Commc'ns Inc*., 251 F.3d 315, 323-3243 (2d Cir. 2001). Therefore, a "party alleging a change of domicile faces a contrary presumption and must establish the change by clear and convincing evidence." *Kennedy v. Trustees of Will of Kennedy,* 633 F. Supp. 2d 77 (SDNY 2009) citing *Kleiner v. Blum,* No. 03 Civ. 3946(NRB), 2003 WL 22241210, at *1 (S.D.N.Y. Sept. 20, 2003); *Bank of India v. Subramanian,* No. 06 Civ. 2026 (WHP), 2007 WL 1424668, at *5 (S.D.N.Y. May 15, 2007). In the case at bar, defendants clearly bear that burden of proving that Sharbat acquired a new domicile-in this case, Israel, given that Sharbat admittedly and

indisputably acquired the United States as his domicile at birth in 1963, and lived here steadily throughout his entire life until 2010.

Finally, in reviewing this prong of defendants' motion to dismiss, a district court "may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *see also Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir.2010) ("Such materials can include documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis"); *King's Gym Complex. Inc. v. Phila. Indem. Ins. Co*., 314 F. App'x 342, 343 (2d Cir. 2008) (these may include "sworn affidavits from both parties, correspondence between the parties and other relevant documents."); *see also Bldg. & Const. Trades Council of Buffalo, N.Y. & Vicinity v. Downtown Dev., Inc.,* 448 F.3d 138, 150 (2d Cir.2006) ("Although [the district court's] ruling required [it] to look outside the pleadings, a court has discretion to do so when determining whether it has subject matter jurisdiction").

### B.   The Legal Standard for Determining Diversity Jurisdiction

To determine whether diversity jurisdiction exists diversity of citizenship of the parties exists pursuant to 28 U.S.C. § 1332(a), a district court looks to the parties' citizenship at the time the action was commenced, which in turn depends upon where they were then domiciled, not merely where they resided. *Linardos v. Fortuna*, 157 F.3d 945, 947-48 (2d Cir. 1998).The Supreme Court has noted that "[i]n order to be a citizen of State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be *domiciled* within the state." *Newman-Green, Inc. v.*

*Alfonzo-Larrain*, 490 U.S. 826, 828, 109 S.Ct. 2218, 2220, 104 L.Ed.2d 893 (1989) (emphasis in original). An individual's citizenship for diversity purposes is thus determined by his *domicile*, not residence [*Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)], and "allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co*., 126 F.3d100, 102-103 (2d Cir. 1997) (*citing Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc*., 87 F.3d 44, 47 (2d Cir. 1996)). "`Domicile' is not necessarily synonymous with `residence," and "one can reside in one place but be domiciled in another." (citations omitted). *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1607-1608, 104 L.Ed.2d 29, 46 (1989). For jurisdictional purposes, domicile is the combination of physical presence in a place (residence) plus a certain state of mind, that is, the intent to remain there. *Id*.; *see also* fn. 1, *supra*. In addition, for purposes of diversity jurisdiction, only the American nationality of a dual American-Israeli citizen such as Sharbat is recognized, not the Israeli citizenship. *See Action S.A. v. Marc Rich & Co., Inc*., 951 F.2d 504, 507 (2nd Cir.1991) *cert. denied*, 503 U.S. 1006, 112 S.Ct. 1763, 118 L.Ed.2d 425 (1992).

Thus, if defendant Sharbat was in fact *domiciled* in Israel at the time this action was commenced on May 29, 2013 (DE #___), as the defendants assert, he would be considered neither a citizen of any state within the United States, nor a citizen or subject of a foreign state, and "§ 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *See Herrick Co., Inc. v. SCS Commc'ns, Inc*., 251 F.3d 315, 322 (2d Cir.2001); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir.1990)) ("[T]he language of 1332(a) is specific and requires the conclusion that a suit by or against United States citizens domiciled abroad may not be premised on diversity,"

6

as such persons are "neither citizens of any state of the United States nor citizens or subjects of a foreign state", and the presence of such a "stateless" party on one side of a controversy would necessarily defeat diversity); *see also Fuerst v. Fuerst,* 832 F. Supp. 2d 210  (E.D.N.Y. 2011) *citing Lemos v. Pateras,* 5 F.Supp.2d 164, 165 (S.D.N.Y.1998) (holding that because the plaintiff, who was a dual citizen of Greece and the United States, was not domiciled in the United States "she [was] a citizen of no state for the purposes of diversity jurisdiction"); *Lehman Gov't Secs. v. Pickholz,* No. 95-CV-7744, 1996 WL 447995, at *2 (S.D.N.Y.1996) (holding that because the plaintiff was a dual citizen of the United States and Israel and a resident of Israel, "he is not a citizen of a state [and] he cannot sue a citizen of state in the absence of federal question jurisdiction").

Therefore, the sole issue left for this Court to decide on the first prong of defendants' motion is: is Sharbat a citizen and domicile of New York despite his becoming dual American-Israeli citizen, as plaintiff contends, or is he deemed to be a "stateless" American citizen domiciled in Israel for jurisdictional purposes, at the time the suit was commenced, and his presence on the defendants' side of the controversy necessarily defeats diversity as a jurisdictional basis for this suit.?[2]

---

[2] If the defendants are correct in their assertion, the Court must decide whether to merely (1) dismiss defendant Sharbat and the Trust Defendants as dispensable nondiverse parties  pursuant to Fed. R. Civ. P. 21 to cure the jurisdictional defects or to (2) dismiss the entire action for lack of subject matter jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 833, 838-838, 109 S.Ct. 2218, 2220, 104 L.Ed.2d 893 (1989) (holding that courts have "[t]he authority to dismiss dispensable nondiverse part[ies]" in order to restore jurisdiction, but cautioning that "such authority should be exercised sparingly."); *Cresswell*, 922 F.2d at 69 (denying plaintiff's request to dismiss three plaintiffs that were United States citizens residing abroad on the ground that dismissal "may not provide a cure" to the lack of jurisdiction because the sole defendant was a partnership with foreign-residing United States citizen partners).However, in light of the fact that citizenship of the principal defendant Solomon Capital LLC is the same as that of Sharbat, the second option appears to be the only viable one here. Under 28 U.S.C. § 1332(c)(1), "a *corporation* shall be deemed to be a citizen of any State by which it has been incorporated and of

### 1.   Determining Change of Domicile for Diversity Jurisdiction Purposes

In order to affect a change in domicile, a party must have an intention to make the new state home and have no present intention of going elsewhere, even if he does not intend to remain permanently at the new domicile. *Gilbert v. David*, 235 U.S. 561, 569 (1915).  One's domicile is "established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). As stated at p.__, *supra*, the burden is on defendants-the party alleging a new domicile- to prove, by clear and convincing evidence, both Sharbat's actual residence in the new locality and his intent to stay there indefinitely. *Palazzo*, 232 F.3d at 42; *Gutierrez v. Fox*, 141 F.3d 425, 429 (2d Cir. 1998); *see also Herrick Co. v. SCS Commc'ns Inc.*, 251 F.3d 315, 324 (2d Cir. 2001).

In probing a party's intent to change domicile, the court examines the totality of the evidence for "objective indicia" of intent. *Hamilton v. Accu-Tek*, 13 F. Supp. 2d 366, 369 (E.D.N.Y. 1998). The court may consider such factors as the state where the person resides, where his family resides, "where he keeps his personal belongings, works, exercises his political rights, maintains religious or social affiliations, pays taxes, holds a driver's license, and maintains bank accounts." *Bhatti v. Pettigrew*, No. 11 Civ. 1044, 2012 WL 1107650, at *3 (S.D.N.Y. Apr. 3, 2012). *See also Kennedy v. Trustees of the Testamentary Trust of the Last Will and Testament of President John F. Kennedy*, 633 F.

---

the State where it has its principal place of business" (emphasis added). However, the citizenship of a limited liability company ("LLC"), like a limited partnership or unincorporated association, is determined by the citizenship of its members, and not the state where it is organized or conducts its business. *See Handelsman v. Bedford Village Assoc. Ltd. P'ship,* 213 F 3d  48, 51 (2d Cir 2000) ("[D]efendants Bedford Partnership and Bedford LLC are, for diversity purposes, citizens of Florida because both entities have Florida members."); *City of New York v. Mickalis Pawn Shop, LLC,* 645 F. 3d 114, 127 n. 13 (2d Cir 2011) (citing *Handelsman* as the appropriate "test for determining the citizenship of a limited-liability company").

Supp. 2d 77, 81 (S.D.N.Y. 2009) (citations omitted) (Factors that may be considered in that determination include the party's "current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes"); *Bank of India v. Subramanian,* No. 06 Civ. 2026 (WHP), 2007 WL 1424668, at *3 (S.D.N.Y. May 15, 2007) (same);. *Aldinger v. Segler*, No. 04 Civ. 4405 (RJH), 2005 U.S. Dist. LEXIS 23818, 2005 WL 2591958, at *3 (S.D.N.Y. Oct. 13, 2005) (same). Courts also consider "whether a person owns or rents his place of residence, the nature of the residence (i.e., how permanent the living arrangement appears) ... and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc." *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F.Supp. 1224, 1228 (S.D.N.Y.1991).

No single factor, however, is determinative, and courts must consider the "totality of the evidence." *Weaving, id.*, 769 F.Supp. at 1228. "[T]he actual fact of residence and a real intention of remaining there, as disclosed by [a party's] entire course of conduct, are the controlling factors in ascertaining his domicile." *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir.1985) "A party's own declarations concerning the identity of his domicile, particularly with regard to an intent to retain or establish one, as is true of any self-serving statement, are subject to judicial skepticism. As many federal courts have made clear, they are accorded little weight by the district judge when they are in conflict with the facts or a party's actual conduct." 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 (3d ed. 2004). *See also Herzberg v MegaSpirea Prods. SAS*, No. 07 Civ. 10503, 2009 WL 702234, at *3 (S.D.N.Y. Mar. 10,

2009) ("A self-serving statement of intent, is insufficient to establish domicile" where belied by objective indicia of actual residence and intent.); *Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986) (quoting *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985) (courts evaluate domicile in terms of "objective facts," and "statements of intent are entitled to little weight when in conflict with facts."

### C. Not only have Defendants Failed to Meet Their Burden of Proving Sharbat's Change of Domicile by Objective Evidence, But Fact Specific Proof Provided by Plaintiff Conclusively Establishes that Sharbat is Still Domiciled in, and a Citizen of, New York

This action was commenced by the filing of a summons and complaint on May 29, 2013. In its amended complaint, plaintiff asserts that this Court has diversity jurisdiction over the dispute in this case pursuant to 28 U.S.C. § 1332(a) because plaintiff is a Florida corporation that never did any business in New York, and that each of the defendants is a citizen of New York, including Sharbat. The Verified Amended Complaint alleges that Sharbat has temporarily resided in Israel since January 2010 to avoid possible criminal investigation and prosecution here stemming from various stock scandals he had participated in, but that he has never changed his New York domicile, where he remains a citizen for diversity jurisdiction purposes. On the other hand, in their motion dismiss, defendants contend that the required complete diversity is lacking under Supreme Court doctrine because defendant Sharbat is not a citizen of, or domiciled in, New York, but is instead a dual American-Israeli citizen domiciled in Israel, and considered a "stateless" person under § 1332 sufficient to defeat diversity.

In support of Sharbat's purported change of domicile from New York to Israel in August of 2010, the defendants submit a skimpy two page conclusory affidavit of Sharbat, without any evidentiary support except for an Israeli passport indicating

Sharbat's Israeli citizenship as of August 2010 and an Israeli driver's license obtained in March  2011, which they claim proves that Sharbat "totally and permanently moved his life to Israel"  where "[h]e resides with his parents in an apartment in Tel Aviv, nearby extended family."   The defendants implicitly admits that  Sharbat, was citizen and domicile of New York his entire life until August 2010.

Without any objective evidence to substantiate any of his claims, Sharbat avers that:

(1) He *votes in Israel.*

(2) *He has an Israeli driver's license.*

(3) *He would pay taxes in Israel were he not exempt until 2020 as a new immigrant.*

(4) *His only active bank accounts are in Israel.*

(5) *He has no longer any ties to the United States* (*other than business contacts*). (emphasis added).

On the other hand, plaintiff has met its burden of establishing through the declarations of Michael Caridi, Jason Gold, Mark Beychock and Simon Schwarz attached to plaintiff's Response that theser claims are  factually incorrect and without merit. These declarations establish that Sharbat continues to be domiciled in, and a citizen of, New York despite his temporary residence in Israel since January 2010 to avoid any civil or criminal prosecution arising from various stock scandals he was associated with in 2008 and 2009 in New York.

These declarations establish that Sharbat has used primarily Solomon Capital LLC and Solomon Capital 401 K Trust as his investment vehicles to conduct his business in New York. Both have bank accounts and at least one security account in New York

and all of Sharbat's alter egos are presently active and registered LLCs or corporations licensed to do business in New York.

Finally, the Court can take judicial notice of Sharbat's sworn affidavit dated December 15, 2009, in an action in this district court captioned *Hartstien v Sharbat* et al., 09 Civ 9799(RMD)(DE #15), which, together with substantial evidence provided by Caridi, Gold and Beychock show that: (1) Sharbat is domiciled in New York, and that (2) Sharbat merely "resides" in Israel on an indefinite basis to await the expiration of applicable statutes of limitation in any criminal or civil prosecution that might arise from his multilevel involvement in the Sponge-Tech Inc. stock scandal that has been the subject of numerous civil and criminal proceedings to date and an investigation by the Securities and Exchange Commission. Sharbat therefore undoubtedly continues to be a New York citizen for diversity purposes.

In short, although temporarily residing in Israel since January 2010, Sharbat was still a New York domiciliary at the time United Torah, a Florida citizen, commenced this action in May 2013. Diversity Jurisdiction is not therefore lacking because plaintiff is a citizen of Florida and all the defendants are citizens of the State of New York.

Finally, in the event the Court is not fully satisfied that Sharbat's domicile remains New York , plaintiff respectfully requests additional discovery through a deposition of Sharbat and a hearing to provide live testimony as to the jurisdictional issues raised by defendants in this motion.

WHEREFORE plaintiff respectfully requests that the defendants' motion to dismiss be denied in its entirety, and that if the Court deems it necessary, additional discovery be allowed to plaintiff, particularly a deposition of Solomon Sharbat, followed by a hearing as to the jurisdictional issues raised by defendants in this motion.

Dated: December 2, 2013
New York, N.Y,

Respectfully submitted,

/simon schwarz
Simon Schwarz