Peretz Bronstein (pb8628)
BRONSTEIN GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, New York 10165
(212) 697-6484
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
UNITED TORAH ED. & SCHOLARSHIP
FUND, INC.,
                            Plaintiff,

      --against--                                    13-cv-3619 (RJS)

SOLOMON CAPITAL, LLC, et al.,
                            Defendants.
------------------------------------------------------------------

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants (the "Sharbat Parties") hereby submit this Reply Memorandum of Law, through counsel, in support of their motion to dismiss the Second Amended Complaint [Doc. 21].

## FACTS

The Court is respectfully referred to the Reply Declaration of Solomon Sharbat, dated December 20, 2013, in which he refutes the suggestion that his residence in Israel is anything other than permanent. It is undisputed that after an interim period in Israel in 2009, he made Israel his permanent home in 2010. He has no business address today in the United States, his business accounts and IRS contact address have all been transferred to Tel Aviv, and his family is building a home outside of Tel Aviv. He dismisses as baseless the suggestion that his permanent residence in Israel since 2010 is only temporary, until a particular criminal investigation is over in the United States. There is no evidence that he is the subject of or a witness in the SpongeTech criminal matter.

ARGUMENT

I. An Undefined, Disputed Allegation of Future Intent to Return to the United States Is Insufficient To Overcome The Clear and Convincing Evidence That Mr. Sharbat Is a <u>Permanent Resident of Israel and a Citizen of No State</u>

The opposition of United Torah Ed. & Scholarship Fund, Inc. ("United Torah") does not dispute that Mr. Sharbat became domiciled in Israel some time during 2010. While he continues to have US business contacts, he has no United States address or presence. The only issue is whether Mr. Sharbat has some undisclosed hidden intent to return to the United States to live at some undefined point in the future when a particular criminal investigation is over. But even the self-serving affidavits submitted by United Torah – which are challenged as false -- do not suggest when, if ever, Mr. Sharbat will return to the United States.

The law is clear that where, as here, there is no question that the plaintiff has moved his residence overseas, "a general intention of moving back to a place of residence, or a self-serving statement of intent, is insufficient to establish domicile." <u>Herzberg v. MegaSpirea Prods. SAS</u>, 2009 U.S. Dist. LEXIS 26491, *6-*9 (S.D.N.Y. Mar. 10, 2009). In <u>Herzberg</u>, as in this case, Mr. Herzberg had moved permanently to Israel but claimed an intention, eventually, to move back to the United States. The court found such undefined, future intention to be insufficient to maintain US domicile. Here too, even if the self-serving affidavits of Mr. Sharbat's business adversaries submitted by United Torah were credited (although Mr. Sharbat denies categorically any intention to return to the United States), such undefined, future intent to return to the United States is insufficient to overcome the clear evidence of his permanent Israeli residence.

CONCLUSION

The undisputed record that Mr. Sharbat has made his permanent home in Israel since 2010 should control here. He is a citizen of no State, and therefore not diverse for purposes of

28USC §1332(a).  Accordingly, for the reasons set forth above, as well as the grounds set forth in the Sharbat Defendants' moving papers, the Second Amended Complaint should be dismissed.[1]

Date: December 10, 2013.

                                   Respectfully submitted,

                                   /s/  Peretz Bronstein (pb8628)
                                   BRONSTEIN, GEWIRTZ
                                     & GROSSMAN, LLC
                                   60 East 42nd Street, Suite 4600
                                   New York, NY 10165
                                   (212) 697-6484
                                   peretz@bgandg.com

                                   Attorneys for Defendants

---

[1] United Torah concedes that if Sharbat is domiciled in Israel for diversity purposes, Solomon Capital, LLC, the primary defendant, is non-diverse as well given that its sole member is Solomon Sharbat.  See Handelsman v. Bedford Village Assoc. Ltd. P'ship, 213 F 3d 48, 51 (2d Cir 2000) ("[D]efendants Bedford Partnership and Bedford LLC are, for diversity purposes, citizens of Florida because both entities have Florida members."); City of New York v. Mickalis Pawn Shop, LLC, 645 F. 3d 114, 127 n. 13 (2d Cir 2011) (citing Handelsman as the appropriate "test for determining the citizenship of a limited-liability company").