```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/14/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED TORAH EDUCATION &
SCHOLARSHIP FUND, INC.,

                Plaintiff,

-v-

SOLOMON CAPITAL LLC, *et al.*,

                Defendants.

No. 13-cv-3619 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff United Torah Education and Scholarship Fund, Inc. ("United Torah") brings this diversity action asserting various state law claims against Defendants Solomon Sharbat ("Sharbat"), Solomon Capital LLC, Solomon Capital 401(k) Trust, Solomon Capital Living Trust, Solomon Capital Advisors Inc., Solomon Partners Inc., Advantage Premium Funding LLC (collectively, the "Entity Defendants"), and potential alter egos of Sharbat and the Entity Defendants. Now before the Court is Defendants' motion to dismiss the Second Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. No. 22.) For the reasons set forth below, the motion is granted.

I. BACKGROUND

    United Torah filed its Complaint on May 29, 2013, its First Amended Complaint on July 22, 2013, and its Second Amended Complaint on October 23, 2013. (Doc. Nos. 1, 4, 21.) On November 21, 2013, Defendants filed the instant motion to dismiss, arguing that the presence of Sharbat, a dual U.S.-Israeli citizen domiciled in Israel, defeats complete diversity. (Doc. Nos. 22–26.) United Torah opposed, contending that Sharbat merely resides in Israel, but is not domiciled there. (Doc. Nos. 28–33.) Defendants replied on December 10, 2013. (Doc. Nos. 34–35.)

On December 23, 2013, Defendants (1) advised the Court that in an action filed by United Torah against Defendants in the United States District Court for the Central District of California, the Honorable Dale S. Fischer issued an Order, dated December 18, 2013, finding that Sharbat is domiciled in Israel and granting Defendants' motion to dismiss, and (2) argued that the doctrine of issue preclusion, or collateral estoppel, requires the Court to grant Defendants' motion in this case. (Doc. No. 36; *id.* Ex. B ("December 18 Order").) United Torah filed a letter on December 30, 2013, arguing that because it did not respond to Defendants' motion in the Central District of California case, the December 18 Order is not entitled to preclusive effect. (Doc. No. 37.) Defendants replied on January 3, 2014. (Doc. No. 39.) On February 19, 2014, Defendants advised the Court that Judge Fischer issued an Order on February 18, 2014 denying United Torah's motion to vacate the December 18 Order and the judgment of dismissal. (Doc. No. 40; *id.* Ex. A ("February 18 Order").)

## II. LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(1), "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In deciding a motion to dismiss pursuant to Rule 12(b)(1), the Court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). "Nevertheless, even on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (citation and internal quotation marks omitted). The Court may resolve "disputed jurisdictional fact issues by referring to evidence outside of the

pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *see also Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

III. DISCUSSION

Because the Second Amended Complaint raises no federal questions, the Court has subject matter jurisdiction only if the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met. It is well established that a court may exercise diversity jurisdiction only if there is complete diversity between the adverse parties in the litigation. *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998). Diversity jurisdiction under 28 U.S.C. § 1332 does not extend to "United States citizens who are domiciled abroad." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990). A person is domiciled in the "the place where [he] has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning," *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (citation and internal quotation marks omitted).

Defendants argue that the Court lacks diversity jurisdiction because Sharbat is a United States citizen domiciled in Israel and his presence in the case defeats complete diversity. United Torah does not dispute that Sharbat is a United States citizen who has resided in Israel since 2010.[1] (Doc. No. 28 at 6–7.) It argues, however, that Sharbat is not domiciled in Israel because he intends to return to New York. (*Id.*) Defendants dispute the contention that Sharbat intends to return to New York. (Doc. No. 25 at 4.)

---

[1] The fact that Sharbat may be a U.S.-Israeli dual citizen is immaterial, since only the U.S. citizenship of a dual citizen determines the application of diversity jurisdiction. *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991).

3

The Court need not independently decide the issue of Sharbat's domicile because the issue has already been decided by Judge Fischer in the Central District of California case. In his December 18 Order, Judge Fischer found that "Solomon Sharbat, who formerly resided in New York, moved to Tel Aviv, Israel on or about January 2010 and is now *domiciled* in Israel" (emphasis added), and concluded that "[r]egardless of whether Sharbat is a dual citizen or solely a citizen of the United States, his presence defeats complete diversity." (December 18 Order.) Defendants correctly argue that under the doctrine of issue preclusion, the issue of Sharbat's domicile cannot be relitigated here.

Although "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity, . . . the federally prescribed rule of decision [incorporates] the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508–09 (2001); *see also Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008) ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits."). Thus, the Court looks to California law to determine the preclusive effect of Judge Fischer's December 18 Order. Under California law, issue preclusion applies if the following elements are satisfied:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (quoting *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990)). The burden of proving these elements rests with the party seeking to apply issue preclusion. *Id.*

Here, the first, third, fourth, and fifth elements are plainly satisfied. In the Central District of California case, which involved the same parties, Judge Fischer granted Defendants' motion to dismiss

pursuant to Rule 12(b)(1) based on a finding that Sharbat is domiciled in Israel. In the February 18 Order, Judge Fischer denied United Torah's motion to vacate the December 18 Order. (February 18 Order.) United Torah has presented no evidence calling into question the finality of the December 18 Order.

United Torah nevertheless argues that the second element of issue preclusion – that the issue to be precluded was "actually litigated" – is not met, since United Torah never filed an opposition brief to Defendants' motion in the Central District of California case. In support of this argument, United Torah cites a number of cases for the proposition that default judgments cannot form the basis for issue preclusion. (Doc. No. 37.)

This argument is unpersuasive for a number of reasons. First, Judge Fischer granted Defendants' motion to dismiss based not on United Torah's failure to oppose, but on a merits determination of Sharbat's domicile. (February 18 Order ("The Court did not grant the motion to dismiss based on the lack of opposition, but on the merits of the diversity jurisdiction issue.").) Thus, the December 18 Order was not issued on default, making the case law on the preclusive effect of default judgments inapplicable.

Second, United Torah's argument presumes that the "actually litigated" element of issue preclusion is defeated simply because a party opposing a dispositive motion fails to file a brief. United Torah cites no authority for this proposition and, indeed, the Supreme Court of California has suggested quite the opposite. See Lucido, 795 P.2d at 1223–24 ("[T]he important question, at least for threshold purposes, is whether the People had the *opportunity* to present their entire case at the revocation hearing, not whether they availed themselves of the opportunity." (emphasis added)); see also People v. Sims, 651 P.2d 321, 329 (Cal. 1982) ("The failure of a litigant to introduce relevant available evidence on an issue does not necessarily defeat a plea of collateral estoppel."). Here, United

5

Torah does not contend that it lacked an opportunity to file an opposition brief; indeed, United Torah apparently conceded in its submissions to Judge Fischer that it was aware of the briefing schedule and that its failure to file an opposition brief was due to its own "calendaring error." (February 18 Order.)

Third, United Torah's view of issue preclusion would lead to rank gamesmanship. If factual and legal findings made by a court in the grant of a Rule 12(b)(1) motion lacked preclusive effect anytime the plaintiff failed to file an opposition brief, a plaintiff could forum shop by filing an opposition brief only when it sensed that a particular court would be receptive to its jurisdictional arguments. Under such a rule, defendants would be forced to undertake the time and expense of repeatedly filing identical Rule 12(b)(1) motions without ever reaping the benefits of a court's grant of its motions, even if that grant was based on the merits of the jurisdictional dispute.[2] This is untenable.

For these reasons, the Court finds that the issue of Sharbat's domicile was "actually litigated" in the Central District of California case and actually decided by Judge Fischer's December 18 Order. Accordingly, the Court accords preclusive effect to Judge Fischer's finding that Sharbat is domiciled in Israel and finds that no diversity jurisdiction exists between United Torah and Sharbat, a U.S. citizen domiciled abroad. Since the lack of diversity as to Sharbat defeats complete diversity, the other Defendants must also be dismissed.[3]

---

[2] The doctrine of claim preclusion, or res judicata, would offer defendants no protection from such tactics since a dismissal pursuant to Rule 12(b)(1) cannot form the basis for claim preclusion. *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996).

[3] United Torah concedes that if the Court lacks diversity jurisdiction as to Sharbat, the entire case must be dismissed for lack of jurisdiction. (Doc. No. 28 at 7 n.2.)

IV. CONCLUSION

IT IS HEREBY ORDERED THAT Defendants' motion to dismiss is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. No. 22 and to close this case.

SO ORDERED.

Dated:    August 13, 2014
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE